1828.

Birdsall
v.
Hewlett.

----

## BIRDSALL, ADM'X v. HEWLETT AND OTHERS.

Where a testator devised certain real estate to his widow for life, or during her widowhood, and after her death or marriage, devised the same to his nephew in fee, provided he paid the legacies mentioned in the will, and directed that the legacies should be paid by the nephew, his heirs, executors, or administrators, whenever he or they should come into possession of the premises devised, it was held, that a payment of the legacies was a condition of the devise; and that if the devisee or his heirs should refuse to accept the devise and pay the legacies, the estate would descend to the heirs at law of the testator; but it would, in equity, be chargeable with the payment of the legacies.

[*33]

If the devisee accepts the devise, he becomes personally liable for the legacies.

The legacies, however, are, notwithstanding the personal liability of the devisee, an equitable charge upon the estate.

Birdsall
v.
Hewlett.

It is a general rule, that legacies chargeable upon the real estate and payable at a future day, are not vested, and lapse by the death of the legatees before the time of payment arrives.

But this rule has never been extended to a case where the estate was given to a stranger, upon condition that he paid the legacy charged thereon; and the rule has been much limited, even as between the legatees and heirs at law.

Where the time of payment of the legacy is postponed for the benefit of the estate, and not with reference to any particular circumstances in relation to the legatee, the legacy becomes vested at the death of the testator, and is transmissible to the personal representatives of the legatee, although he dies before the time of payment arrives.

Where the devisee of the real estate, charged with the payment of the legacy, refuses to pay the same, the costs of the legatee's suit to recover the legacy, will be a charge upon the real estate. A legacy carries interest from the time it becomes payable.

May 19th.

JAMES HEWLETT, the elder, who died in 1805, devised certain real estate to his widow for life, or during her widowhood; and after her death or marriage, he gave the same to his nephew, James Hewlett, in fee, provided he paid the legacies mentioned in the will. He then gave divers legacies to his relatives, and among others, 100*l.* to John Birdsall; and he directed these several legacies to be paid by the nephew, his heirs, executors, or administrators, whenever he or they should come into possession of the premises devised. James Hewlett, the devisee, and John Birdsall, both died in the life time of the widow, but after the former, by some arrangement with her, had entered into the estate devised, and sold and conveyed a part thereof of fee. The widow died unmarried in 1825. And the defendants, who are heirs at law of James Hewlett, the nephew, and in possession of part of the real estate devised to him, refuse to pay the legacy to the complainant, as the personal representative of John Birdsall.

The cause was submitted upon bill and answer, and the written arguments of counsel, as against L. S. Hewlett, and on the bill taken *pro confesso*, against the other defendants.

[*34]          *McCoun*, for complainants.

*W. Tallmadge*, for defendant, L. S. Hewlett.

1828.

Birdsall
v.
Hewlett.

THE CHANCELLOR:—The payment of the legacies is a condition of the devise; and if the devisee, or his heirs, refuse to accept the devise and pay the legacies, the estate descends to the heirs at law of the devisor, but, in equity, chargeable with the payment. In this case, the devisee having accepted the devise, was personally liable for the legacies; but they are also an equitable charge upon the estate devised, in the hands of the defendants.[1]

It is undoubtedly a general rule, that legacies charged upon the real estate, and payable at a future day, are not vested, and become lapsed if the legatee dies before the time of payment arrives.[2]  This rule was at first adopted without any exceptions, and in direct opposition to that which existed in relation to legacies payable out of the personal estate.   This was done for the benefit of the heir at law, who was a particular favorite of the English courts. I am not aware that it has ever been extended to a case where the estate was given to a stranger, upon the express condition that he paid the legacy charged thereon; and the rule has long since been much narrowed down, even as between the legatees and the heir at law.

In this case, the estate being given upon the express condition of the payment of the legacy, and the time of payment being postponed for the benefit of the estate, and not with reference to any particular circumstances in relation to the legatee, which might render it doubtful whether the legacy would ever be wanted, the legacy became vested at the same time that the estate in remainder became vested in the devisee: that is, at the death of the testator.[3]   It

[1] *Glen* v. *Fisher*, 6 John. Ch. 33.

[2] This rule has been changed by statute in New York, in 1830.   See 2 R. S. (4th ed.) 248, sec. 45; *Bishop* v. *Bishop*, 4 Hill, 138, as in most of the other states.

[3] *Marsh* v. *Wheeler*, 2 Edward's Ch. 156, 163; *Harris* v. *Fly*, 7 Paige 421; *Kibler* v. *Whiteman*, 2 Har. 401; *Donner's Appeal*, 2 Wats. & S. 327.

1828.    was transmissible to the personal representatives of the
legatee; and the complainant is entitled to a decree for the
payment out of the estate.

The defendants having neglected and refused to pay the
legacy, by which the complainant has been put to the ex-
pense of this litigation, the costs of the suit must also be
[*35]    *charged upon the estate.   The legatees are also entitled
to interest from the time when the legacies became payable,
by the death of the widow.   (*Glen* v. *Fisher*, 6 John. Ch.
Rep. 33.)