## Stanford *vs.* Stanford.

A wife is entitled to temporary alimony up to a final decree, notwithstanding a jury upon a feigned issue has given a verdict of adultery against her.

It is a serious question how far a husband, who marries after a feigned issue and before a decree, can have any benefit of a verdict of adultery given against the wife.

---

THE bill in this cause was filed by a husband for a divorce *a vinculo matrimonii.* A feigned issue had been awarded; and the jury found the wife guilty of adultery. No decree had been made upon the coming in of the issue and *postea:* but the complainant, after the verdict, married again.

An application was now made for arrears of temporary alimony.

*March 12, 1832.*

*Alimony after verdict and before decree. Second marriage after verdict and before decree.*

Mr. *William Mitchell,* for the defendant.

Mr. *Frederick A. Tallmadge,* for the complainant.

THE VICE-CHANCELLOR. I see no reason for withholding the temporary alimony. The case of *Loveden* v. *Loveden,* 1 *Phillimore's Eccles. R.* 203, is in point. There, alimony was given from the date of sentence and appeal. And this case has been considered as authority by Chancellor Walworth: *Germond* v. *Germond,* 1 *Paige's C. R.* 83.

There is a singular feature in this cause. The husband, it appears, married again after the jury had found the wife guilty of adultery: but prior to any decree. What the effect of this

conduct may have upon his right to a divorce, when he shall move for a decree upon the verdict, I will not now say; but, in the mean time, I cannot forbear expressing a serious doubt how far he can have any relief under it. The English ecclesiastical authorities prove the force of this observation.

Order for payment of temporary alimony and arrears.