## MONCRIEF *a.* MONCRIEF.

*Supreme Court, First District; General Term, Sept.,* 1862.

DIVORCE.—PAYMENT OF ALIMONY TILL JUDGMENT.—APPEAL BY WIFE.

The rule as to the payment of alimony, is that the same is to be paid up to the entry of the final judgment, even if the decision at the trial should be adverse to the wife.

In case of appeal by the wife from the judgment in an action for divorce, the order for alimony does not continue; but a new application should be made if such alimony is desired.

Appeal from an order.

This was an action by Margaret Moncrief against John Moncrief for a limited divorce. The cause was tried in December, 1860, at special term, where decision was reserved. The court

at length dismissed the complaint, but without costs, and judgment was entered in favor of the defendant without costs, in February, 1861. On appeal, the judgment was affirmed, also without costs. Shortly after the commencement of the action, the court ordered the allowance of a counsel-fee and alimony at the rate of five dollars a week; the counsel-fee was paid, and also the alimony, till the close of the trial, though not till decision rendered. In June, 1862, plaintiff's motion to enforce the order respecting payment of alimony and for additional counsel-fee and allowance for expenses of suit, was denied by Mr. Justice Barnard. The plaintiff appealed.

*William R. Stafford,* for the appellant.

*Fine & Chittenden,* for the respondent.—I. " An order of the special term denying alimony, or an allowance for expenses of suit, in an action for divorce, is in the discretion of the court at special term, and is not reviewable." (2 *Rev. Stat.,* 148, § 72, and cases cited; Griffin *a.* Griffin, 23 *How. Pr.,* 189, and cases cited; Abbey *a.* Abbey, 6 *Ib.,* 340 ; Whitney *a.* Whitney, 22 *Ib.,* 175 ; Osgood *a.* Os ᵒᵈ, 2 *Paige,* 621 ; Worden *a.* Worden, 3 *Edw.,* 387 ; 2 *Barb. Ch.,* 266.)

II. If the question were even open for review, the merits are all with the defendant, and the order should therefore be affirmed.

By the Court.*—Ingraham, P. J.—The rule as to the payment of alimony is that the same is to be paid up to the entry of the final judgment (Stanford *a.* Stanford, 1 *Edw.,* 317), even if the decision at the trial should be adverse to the wife.

In the case of the appeal of the wife from such a judgment, the order for alimony does not continue, but a new application should be made if such alimony is desired.

The plaintiff admits payment to 22d December, 1860, and the final judgment was entered 4th February, 1861, a period of six weeks. This amount should be paid to the plaintiff.

The question of costs was in the discretion of the court below, and we are not disposed to differ with the judge before whom

---

* Present, Ingraham, P. J., Barnard and Clerke, JJ.

the case was tried, even if his decision on that point was a proper subject for review.

The order should be reversed, and an order entered directing the payment of $30 for balance of alimony unpaid, with $10 costs of appeal.

Order accordingly.