ORLANDO A. WOOD, Appellant, v. AUGUSTA M. WOOD, Respondent.

(GENERAL TERM, SECOND DEPARTMENT, 1872.)

An order for alimony, *pendente lite*, is superseded by the judgment.

If future alimony ought to be paid after judgment, a clause to that effect should be inserted in it.

Or if reasons exist for its payment pending an appeal, a fresh application should be made.

It seems the rule is the same in respect to all orders made upon interlocutory applications.

THIS was an appeal from an order at Special Term, directing the plaintiff to pay alimony.

Judgment in the action was rendered in the defendant's favor in November, 1871, and then entered. An appeal was taken by the plaintiff from the judgment in January, 1872, but withdrawn in the succeeding July.

Wood v. Wood.

There was an order made in the action for alimony to the defendant, *pendente lite*, and the plaintiff paid alimony until November 4, 1871, when the judgment was entered.

The defendant moved, after withdrawal of the appeal, to compel the plaintiff to pay alimony up to the time of the discontinuance, and obtained an order to that effect, from which the plaintiff appealed.

*E. Cooke*, for the appellant.

*L. K. Miller*, for the respondent.

Present—BARNARD, P. J., and GILBERT, J.

By the Court—GILBERT, J.   We think the order appealed from was erroneous.   The order for temporary alimony was superseded by the judgment.   That is the rule in respect to all orders made upon interlocutory applications.   Thus an injunction which has been granted upon an interlocutory application is superseded by the decree made at the hearing of the cause.   (*Dan. Ch. Pr.*, 4th *Am. ed.*, 1679.)   The same rule has been applied to suits for divorce.   (*Longfellow* v. *Longfellow*, Clark's Ch. R., 344; *Stanford* v. *Stanford*, 1 Edw., 317; *Moncrief* v. *Moncrief*, 15 Abb. Pr., 187; *Germond* v. *Germond*, 1 Paige, 83; 1 Phill. Ecc., 203; Poynter, M. & D., 249, *et seq.*)   The judgment concludes the parties on the subject of alimony, as well as other matters involved in the suit.   If the husband ought to pay future alimony, a clause to that effect should be inserted in the judgment.   If the judgment contain no such direction, and reasons exist for the continuance of temporary alimony pending an appeal from the judgment, a fresh application in some form should be made.   It will be time enough to lay down a rule governing proceedings in such a case when the case arises.   For the present it is sufficient to say that an interlocutory order for the payment of temporary alimony is not operative after judgment.

Order reversed, with costs.