GEORGE LOWENTHAL, Respondent, *v.* MARIA E. LOWENTHAL, Appellant.

1. APPEAL — DIVORCE — EVIDENCE TO SUPPORT FINDING OF JURY UPON ISSUE OF ADULTERY.— When, in an action for divorce, the General Term has found, upon conflicting evidence, that there is evidence to support the affirmative finding of the jury upon the issue of adultery, the Court of Appeals is bound by the decision.

2. EVIDENCE — REPUTATION OF LOCALITY. *Quære*, as to the right to prove the reputation of a general locality as a trysting place for immoral purposes.

3. DIVORCE — ANSWER OF JURY UPON QUESTION OF CONNIVANCE, NOT IN ISSUE, DISREGARDED. When the answer in an action for divorce is merely a general denial, setting up no affirmative defense, so that no issue of connivance is raised, and questions are framed for trial by a jury, including a question as to the plaintiff's connivance, but no proof is offered by the defendant on the subject, and the jury answers the submitted question of adultery in the affirmative, the court may properly set aside, on motion, and disregard an answer of the jury stating, by mistake, that there was connivance on the part of the plaintiff.

4. JURY TRIAL UPON ISSUE OF ADULTERY, IN ABSENCE OF AFFIRMATIVE DEFENSE — JUDGMENT ON VERDICT. When in an action for divorce

the answer sets up no affirmative defense, and the defendant demands a jury trial, and the sole issue presented to the jury is that of adultery, which is found in the affirmative, it is proper for the court to order judgment for the relief demanded in the complaint, without making findings or conclusions, or filing a decision under section 1022 of the Code of Civil Procedure.

5. VERDICT UPON ISSUE OF ADULTERY CONCLUSIVE.  When the issue of adultery is sent to a jury upon the application of either party, as provided by section 1757 of the Code of Civil Procedure, the finding of the jury thereon is, by force of section 970, conclusive unless the verdict is set aside or a new trial is granted.

6. AFFIRMATIVE DEFENSES — DECISION OF TRIAL COURT.  *It seems*, that when the answer in an action for divorce sets up affirmative defenses, and the only issue sent to a jury is that of adultery, and the other issues are tried in equity, it would be proper practice to return the finding on the issue of adultery to the Special Term, it being conclusive there, and then to file a decision as to all the issues, under section 1022 of the Code.

*Lowenthal* v. *Lowenthal*, 92 Hun, 385, affirmed.

(Argued October 21, 1898; decided November 22, 1898.)

APPEAL from a judgment of the late General Term of the Supreme Court in the fifth judicial department, entered December 30, 1895, affirming a judgment in favor of plaintiff entered upon the verdict of a jury on issues framed; also from an order of the General Term affirming an order of the Special Term setting aside one of the findings of the jury and ordering judgment, and also affirming an order denying a motion for a new trial.

This action was brought by the plaintiff to procure an absolute divorce.

The facts, so far as material, are stated in the opinion.

*Quincy Van Voorhis* for appellant.  There was no evidence to support the affirmative finding of the jury upon issue No. 1, which involved an inquiry as to the commission of an act of adultery " at a fence near the high bank of the Genesee river, on a road sometimes called the Old Hooker Road." (*Heyde* v. *Heyde*, 4 Sandf. 692, 693 ; Bish. on Mar. & Div. 604, 605 ; *Mitchell* v. *Mitchell*, 61 N. Y. 398, 408, 409 ; *Wood* v. *Wood*, 2 Paige, 108, 113 ; *Kane* v. *Kane*, 3 Edw. Ch. 389 ; *Codd* v.

· *Codd*, 2 Johns. Ch. 224 ; *Morrell* v. *Morrell*, 1 Barb. 318 ; *Germond* v. *Germond*, 6 Johns. Ch. 347.) The evidence is insufficient to prove an act of adultery on the part of the defendant. (*Pollock* v. *Pollock*, 71 N. Y. 137 ; *Steffens* v. *Steffens*, 33 N. Y. S. R. 643 ; *Pfeiffer* v. *Pfeiffer*, 27 N. Y. S. R. 567 ; *Ferguson* v. *Ferguson*, 3 Sandf. 307 ; *Hart* v. *Hart*, 2 Edw. Ch. 207 ; Abb. Tr. Ev. 743 ; Lawson on Presump. Ev. 433 ; Bish. on Mar. & Div. § 278 ; *Moller* v. *Moller*, 115 N. Y. 466 ; *Smith* v. *Smith*, 70 N. Y. S. R. 217.) The order setting aside the verdict of the jury upon one of the issues was unauthorized. (*Tarbell* v. *Royal Ex. S. Co.*, 110 N. Y. 170, 181 ; *Wellington* v. *Morey*, 90 N. Y. 656 ; *Vann* v. *Rouse*, 94 N. Y. 407 ; *Tinson* v. *Welch*, 51 N. Y. 244 ; *Jones* v. *Jones*, 71 Hun, 519 ; *McCarthy* v. *McCarthy*, 143 N. Y. 235.) The court was asked to charge the jury that a divorce should not be granted without evidence which is, after careful scrutiny, satisfactory, and can command the confidence of a careful and prudent and cautious judge . or jury. The exception to the refusal so to charge was both valid and meritorious. (*Moller* v. *Moller*, 115 N. Y. 468 ; *People* v. *Fitzgerald*, 156 N. Y. 253.)

*David Hays* for respondent. The questions put on cross-examination relating to the Hooker road were proper. (*Forrest* v. *Forrest*, 25 N. Y. 501, 510 ; *Vermilyea* v. *Palmer*, 52 N. Y. 471 ; 1 Greenl. on Ev. § 101, note ; 1 Taylor on Ev. § 517 ; 1 Whart. on Ev. § 252 ; *Van Name* v. *Van Name*, 49 Hun, 264 ; *People ex rel.* v. *Roosevelt*, 16 App. Div. 364, 376 ; *Egan* v. *Gordon*, 65 Minn. 505 ; *Hahn* v. *Penney*, 62 Minn. 116 ; *Kniffen* v. *McConnell*, 30 N. Y. 285.) The order setting aside the jury's answer to the 13th question was proper. (Code, § 721, sub. 12 ; §§ 723, 907, 970, 1757 ; 2 Bish. on Mar. & Div. § 801 ; *Forrest* v. *Forrest*, 25 N. Y. 501, 506 ; *Clark* v. *Mosher*, 107 N. Y. 118 ; *Acker* v. *Leland*, 100 N. Y. 5 ; *Lynch* v. *M. E. R. Co.*, 129 N. Y. 274 ; *Roe* v. *Roe*, 14 Hun, 612 ; *McCarthy* v. *McCarthy*, 143 N. Y. 235, 239, 240 ; *Bohlen* v. *M. E. R. Co.*, 121 N. Y. 546 ; *Hodgkins*

v. *Mead*, 119 N. Y. 166, 172; *Dalrymple* v. *Williams*, 63 N. Y. 361; *Emerson* v. *Bleakley*, 5 Abb. [N. S.] 350, 366; *Lavelle* v. *Corrignio*, 86 Hun, 135, 141.) A direction for judgment upon motion at Special Term was proper. (*Hammond* v. *Morgan*, 101 N. Y. 179, 186, 187; *Acker* v. *Leland*, 109 N. Y. 5, 11; *Eaton* v. *Wells*, 82 N. Y. 576, 580; *Bridger* v. *Weeks*, 30 N. Y. 328.)

BARTLETT, J. The plaintiff has recovered a judgment of absolute divorce against the defendant, and on this appeal it is attacked upon several grounds.

It is first urged that there is no evidence to support the affirmative finding of the jury upon the issue of adultery.

The learned General Term have found against this contention upon conflicting evidence, and this court is bound by their decision.

It is further insisted that the trial judge erred in admitting proof on the part of the plaintiff that the river bank, adjacent to the west end of the old Hooker road, had a reputation as being a rendezvous of persons for immoral purposes.

The act of adultery charged in the complaint and found by the jury was committed in the city of Rochester, at or near a fence on the north side of the old Hooker road, near the high bank of the Genesee river, between the hours of five and seven o'clock on the first or second Saturday evening in November, 1890.

The old Hooker road extends from St. Paul street to the river, and the plaintiff having introduced evidence tending to prove the act of adultery under the circumstances referred to, the defendant placed a witness upon the stand, who was allowed to testify to an alleged state of facts calculated to cast more or less of doubt or improbability upon the plaintiff's case.

Among other things, he stated there was an electric light in St. Paul street directly opposite the Hooker road; that there were elm trees along the Hooker road; that the leaves were off the trees at the time in question; that the branches were

a certain height above the ground, and that the electric light would illuminate the Hooker road for a considerable distance.

The plaintiff's counsel, when cross-examining this witness, asked him two questions, which were answered over the objections and exceptions of defendant, as follows :

" Q. Did that road during that time have a reputation in that vicinity ?

" A. It never had that reputation to my knowledge."

It is to be observed that the question is exceedingly indefinite, but if it is to be assumed it sought to show that this road was frequented by men and women habitually for immoral purposes, the answer was in the negative and wholly in the defendant's favor.

The other question was then propounded :

" Q. I will ask you the same question with reference to the land lying adjacent to the road and towards the river, as to whether it had a reputation as being a rendezvous for persons for immoral purposes ?

"A. I would have to answer that, yes."

If this last question be regarded as incompetent and immaterial on the ground that it relates to land lying outside of the road, defendant was not prejudiced, as no proof was offered that she had visited the adjacent premises.

We are of opinion that the questions do not disclose error that should reverse the judgment. We refrain from expressing any opinion as to the right to prove the reputation of a general locality as a trysting place for immoral purposes.

The remaining points on this appeal relate to the practice. adopted by the trial judge.

The Code of Civil Procedure provides that if the answer in an action for divorce puts in issue the allegation of adultery, the court must, upon the application of either party, or it may, of its own motion, make an order directing the trial, by jury, of that issue (section 1757).

The defendant asked for a jury trial under this section, and the counsel for plaintiff subsequently submitted to the court fourteen questions to be submitted to the jury, and it was so

ordered.   The first twelve questions charged the defendant with twelve distinct acts of adultery; the thirteenth question dealt with the subject of plaintiff's connivance, and the fourteenth with the subject of plaintiff's condonation.

In his charge the trial judge instructed the jury that the only question for them to consider was the first one, which related to the act of adultery alleged to have been committed in the old Hooker road, and if they were satisfied by a fair preponderance of evidence that it was proved, then the question was to be answered yes, and all the other thirteen questions were to be answered no.

The jury followed these instructions.

After the verdict was rendered, it was discovered that through inadvertence a mistake had been made in framing the thirteenth question.   It should have read : " Were such ' acts of adultery, or any of them, committed *with* the consent,' connivance, privity or procurement of the plaintiff ? "

The mistake consisted in using the word "*without*" instead of "*with*," and the negative answer to the question, under the instructions of the court, was a formal finding of connivance on the part of the plaintiff.

The plaintiff thereupon moved that the answer of the jury to the thirteenth interrogatory be set aside and disregarded, on the grounds that the question therein contained was not embraced in the issues raised by the pleadings, and that it was answered in the negative by direction of the court through inadvertence and contrary to the intention of the court and jury ; also on the further ground that there was no evidence at the trial to support a negative answer to this question, and that the plaintiff have judgment for the relief demanded in the complaint.

The court granted an order setting aside the answer to the thirteenth interrogatory, and directed judgment to be entered.

The appellant insists that two distinct errors in practice were committed by granting this order.

It is first argued that there was a mistake in the substance of the verdict and not merely in the manner or form of render-

ing it, which put it beyond the power of the court to correct upon motion.

The soundness of this proposition depends upon the issues submitted to the jury under the pleadings.

The answer is a general denial, and the only issue raised by the pleadings was that of adultery. This court has recently held that the allegations of the complaint, in an action for divorce, that the adultery charged was without the connivance of plaintiff, and that he has not voluntarily cohabited with the defendant since discovery of the fact, are inserted to avoid the necessity for an affidavit under rule 73 of the Supreme Court in case of defendant's default, and that, in the event of the action being litigated, connivance, condonation and other matters set forth in rule 73 and section 1758 of the Code must each be pleaded as an affirmative defense. (*McCarthy* v. *McCarthy*, 143 N. Y. 235.)

In the case at bar neither the general denial of the answer, nor the interrogatories framed for the jury, raised any issue other than that of adultery.

The defendant neither pleaded connivance as an affirmative defense, nor did she offer proof on such issue.

It, therefore, follows that the trial judge properly granted the motion to strike out the answer of the jury to the thirteenth interrogatory.

This brings us to the remaining question of practice, whether the trial judge had the power, this being a suit in equity, to order a judgment for the relief demanded in the complaint, instead of making findings and conclusions, or filing a decision stating the grounds upon which the issues were decided as required by section 1022 of the Code.

The General Term seems to have held that defendant's appeal from the judgment, instead of making a motion for alleged irregularity in respect to the order for judgment, amounts to a waiver.

The learned court, however, uses this language : " The plaintiff's attorney may deem it necessary to obtain from the trial court a decision and file it, with a view to completely perfect

the judgment; and whether or not the defendant may or not thereupon file exceptions and take another appeal from the judgment, it is not now necessary here to inquire."

We are of opinion that the trial judge was authorized to order judgment as he did, and that no decision under section 1022 was necessary or permissible, where the sole issue presented to the jury was that of adultery, and a jury trial had been demanded by defendant.

Section 1757, to which reference has already been made, provides that the court must send the issue of adultery to a jury upon the application of either party. This issue is not framed in equity and sent to a jury to enlighten the conscience of the court, but is one where the party demanding it is entitled, by express provision of law, to a trial by jury, whose finding is conclusive unless the verdict is set aside or a new trial is granted. (Code Civil Procedure, § 970.)

A suit for divorce being in equity, there, doubtless, have been cases where the answer set up affirmative defenses, and the only issue sent to a jury was that of adultery.

If in such a case the other issues were tried in equity, it would be the proper practice to return the finding of the jury on the issue of adultery to the Special Term, it being conclusive on that court, and a decision should then be filed as to all the issues under section 1022 of the Code.

We have considered the other points discussed by the appellant, but find no reversible error.

The judgment and orders appealed from should be affirmed, without costs.

All concur.

Judgment and orders affirmed.