(31 Misc. Rep. 312.)

### LUSK v. LUSK.

(Supreme Court, Special Term, New York County. April, 1900.)

DIVORCE—ALIMONY—WIFE GUILTY OF ADULTERY—SUSPENSION OF ORDER.

Some months following an order directing defendant, in an action brought by the wife for separation, to pay a stated weekly sum to plaintiff as alimony, and a further sum as counsel fee, a jury found against the wife on the charge of adultery made by the husband, and the latter was imprisoned on the charge of purloining money from the mails, and left without means of support. *Held*, that the order for the payment of alimony should be suspended until the trial and final determination of the action.

Action by Isabel Lusk against Robert J. Lusk for divorce. Motion to set aside order granting alimony granted.

Hirsh & Ehrhorn, for the motion.
W. R. Spooner, opposed.

GILDERSLEEVE, J. The plaintiff brought this action for a separation from her husband on the ground of cruel and inhuman conduct. The answer denies the allegations of cruelty, and sets up a counterclaim for an absolute divorce on the ground of plaintiff's alleged adultery. The reply denies this charge of adultery. On December 7, 1899, a motion was made for alimony and counsel fee, and on December 14th an order was entered directing defendant to pay to plaintiff $10 a week alimony and $100 counsel fee. The defendant complied with this order until April 15th, when he failed to pay the installment of alimony then due, and he has also failed to pay $20 of the $100 allowed as counsel fee, which fee he was permitted to pay by installments. On the said 7th day of December the plaintiff also

made a motion to have the issue of adultery tried before a jury, and an order granting said motion was duly entered. The defendant now makes this motion to set aside or modify the said order of December 14th on account of the following events, which have transpired since the granting of such order, viz.: On March 31, 1900, the defendant, who was employed in the post office, was arrested and placed in Ludlow Street Jail on the charge of purloining money from the mails. Not being able to procure bail, the defendant is still incarcerated in prison, and claims that all means of support have been cut off. The only affidavit on this motion is made by the defendant's attorney, and no reason is given why it was not made by the defendant himself. The allegations of the affidavit, however, are not denied or called in question by the plaintiff, who has submitted no affidavit in opposition to this motion, although she has appeared by her attorney to oppose the same. The inference to be drawn from the affidavit of the defendant's attorney, who states that he has personal knowledge of the facts alleged therein, is that defendant's salary has been suspended, although it is not precisely so stated. On April 12, 1900, the issue of plaintiff's alleged adultery was duly tried before Mr. Justice McAdam and a jury, when the said jury found, as a matter of fact, that plaintiff had been guilty of adultery. While it is true that in equity cases generally, where certain issues are submitted to a jury, the findings of the jury are not binding on the court, but are merely an aid to the court, and may be set aside, in whole or in part, as the court thinks proper (see Hammond v. Morgan, 101 N. Y. 186, 187, 4 N. E. 328), still that rule does not apply to actions for divorce, as in such a case the verdict of the jury is not simply advisory, but it is conclusive, unless set aside or unless a new trial is granted. See Carpenter v. Carpenter (Sup.) 9 N. Y. Supp. 583, 584 (general term, Fifth department, Dwight, P. J.). For the purposes of this motion, therefore, it is urged that we may assume that the plaintiff is guilty of the charge. It was held, however, many years ago, in the case of Stanford v. Stanford, 1 Edw. Ch. 317, that where a jury had found the wife guilty of adultery on the issue submitted to them, but the court had not rendered final judgment, the wife was still entitled to have the alimony previously awarded to her pendente lite. It is also true that where an appeal has been taken in good faith from a judgment finding the wife guilty of adultery, and the court is of opinion that the appellant has a fair chance of success on such appeal, alimony may be allowed pending the appeal. In the case at bar, however, the action has not yet come on for final trial and determination at equity term. It seems to me, in view of the undisputed fact that the defendant is in jail, without means of support, and also in consideration of the fact that a jury have found the plaintiff to be guilty of adultery, that the further payment of alimony should be suspended until the trial and determination of the action, when the court will make such disposition of the matter as may be just.

Motion granted. No costs.