(34 Misc. Rep. 478.)

FRIES v. FRIES.

(Supreme Court, Trial Term, Kings County.   April, 1901.)

1. DIVORCE—VERDICT OF JURY—CONCLUSIVENESS.
    A verdict rendered upon issues framed in an action for divorce to try
    claim of adultery, disputed by defendant, is conclusive unless set aside
    for some proper reason, and is not one to enlighten the conscience of the
    court.
2. SAME—EVIDENCE OF DETECTIVES.
    An instruction in an action for divorce that the jury should carefully
    scrutinize the evidence of detectives, and consider the probability of their
    stories, and the appearance of the men upon the stand, was proper.

Action by Edward A. Fries against Susan Fries.   Motion by plaintiff to set aside a verdict after jury trial in an action for divorce decided adversely to plaintiff.   Motion denied.

Frank X. McCaffry, for plaintiff.
Frank N. & Abraham S. O'Brien, for defendant.
W. W. Hulst, for co-respondent.

HOUGHTON, J.   The jury answered adversely to the plaintiff the specific questions as to the defendant's adultery, framed at special term for it to pass upon.   The plaintiff now moves to set aside the verdict.   Section 1757 of the Code provides that, if the answer puts in issue the allegation of adultery, the court must, upon the application of either party, order a trial of that issue by a jury.   While the action is one in equity when issues are thus framed, the verdict of the jury is not one to enlighten the conscience of the court, but is one to which the party demanding it is entitled; and the finding of the jury is conclusive unless the verdict is set aside, and a new trial ordered, for some proper reason.   Lowenthal v. Lowenthal, 157 N. Y. 236, 243, 51 N. E. 995.   The motion, therefore, to set aside the verdict is governed by the same rules that apply to a verdict in any action at law triable by a jury.   Adjudged by this standard, I think the motion must be denied.   The plaintiff employed two detectives to shadow his wife.   They testified to having observed frequent secret meetings on lonely streets between the defendant and the co-respondent, which finally culminated, as they testified, in an act of adultery committed in an open lot in a secluded locality.   The plaintiff and another, as well as the detectives, were shown to be a short distance from the defendant during the commission of the act.   The jury had the right to believe this evidence, and they also had the right to disbelieve it. The defendant and co-respondent denied that any act of adultery was committed.   The jury had the right to believe them or disbelieve them.   The jury was quite carefully instructed with respect to the effect which they might give to the evidence of the detectives.   They were told to look at the evidence carefully, scrutinize it, take into consideration the probability of their stories, the appearance of the men upon the stand, and then determine whether or not they were telling the truth; that they had the right to believe them, and that, if there was nothing improbable or inconsistent in their stories, it was their duty to give credence to their testimony; and that all the law re-

quired in considering such evidence was that it be carefully scrutinized, and that, after that had been done, and the jury was convinced they were telling the truth, they must give the evidence its full effect. The attention of the jury was also directed to the interest of the defendant in denying the adultery, and the probability of the corespondent denying it, even if it was true. The instruction to the jury was as favorable as the plaintiff could ask. The verdict cannot be said to have been influenced by passion, or prejudice, or disregard of testimony. There was a clear issue of fact presented for consideration. The jury determined it. It makes no difference what the trial court might have done had it decided the question. The issue being clearly defined, and being one for the jury, the verdict carries the question beyond the province of the trial court. It cannot be said that there is such overwhelming proof in favor of the plaintiff that the verdict should be set aside. The law criticises his witnesses. The evidence of the detectives was the best he could furnish, but that did not relieve his witnesses from the criticism which the law imposes. An order must be entered denying the motion.

Motion denied.