Marion Bush, Respondent, *v.* Pine E. Bush, Appellant.

*Action for divorce — the framing of issues for trial by jury — when they are too indefinite as to place — effect of the failure of the defendant to move to make the complaint definite or for a bill of particulars — what issues should be tried by the court and not sent to the jury.*

When framing for a jury trial issues arising in a divorce action, it is improper for the court, following the language of an allegation of the complaint, to frame an issue as to whether the defendant committed adultery with the corespondent "at divers times between the first day of January, 1904 and the date of the commencement of this action (November 5, 1904), at divers places in the City of New York and elsewhere." The words "and elsewhere" render the issue too general and indefinite as to place and they should be stricken out.

The fact that the defendant made no motion to have the complaint made more definite and certain in this regard or for a bill of particulars, does not deprive him of his right to have the issue framed with such a degree of definiteness as will enable him to avoid surprise upon the trial and to prepare his defense.

No authority exists for the practice, on such a motion, of framing issues as to whether the adultery was committed without the consent, connivance or procurement of the plaintiff; whether five years elapsed since the plaintiff discovered the facts, and whether she has voluntarily cohabited with the defendant since such discovery, and such practice is disapproved by the court.

Such issues are, if necessary, to be tried by the court after the rendition of a verdict upon the issue of adultery.

Appeal by the defendant, Pine E. Bush, from a portion of an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York

on the 20th day of February, 1905, framing the issues to be tried by a jury.

*Edward Hymes*, for the appellant.

*I. N. Jacobson*, for the respondent.

LAUGHLIN, J. :

After framing an issue concerning the commission of adultery at a particular specified time and place, the court, following the language of another allegation of the complaint, framed an issue as to whether the defendant committed adultery with the same corespondent " at divers times between the first day of January, 1904, and the date of the commencement of this action, at divers places in the City of New York and elsewhere." The appeal involves the propriety of framing this issue. The action was commenced on the 5th day of November, 1904. It thus appears that the inquiry covered a period of more than ten months. The issue framed is altogether too general and indefinite as to place. It is manifest that it would be impossible for the defendant to prepare for the trial of the issue. Witnesses might be summoned to show the commission of the act of infidelity in any foreign State or country. The defendant doubtless could, upon motion, have had the complaint made more definite in this regard (*Cardwell* v. *Cardwell*, 12 Hun, 92) and he would at least have been entitled to a bill of particulars of the precise places, and also of the times unless the plaintiff be relying upon circumstantial evidence showing a general course of conduct from which the inference of criminal intimacy may be drawn. (*Krauss* v. *Krauss*, 73 App. Div. 509.) The defendant, however, notwithstanding his failure to move to have the complaint made more definite or certain, or for a bill of particulars, is entitled to have the issues framed with such a degree of definiteness as will avoid surprise on the trial and enable him to prepare his defense. (*De Carrillo* v. *Carrillo*, 53 Hun, 359 ; 25 N. Y. St. Repr. 423.) These views require the elimination of the words " and elsewhere." Since, however, the corespondent is named and there was no motion for a bill of particulars of the places in the city of New York where the plaintiff claims the adultery was committed, it is likely that the defendant will be prepared to meet any evidence offered tending to

show misconduct in the city where the trial is to take place. If not, she should have presented an affidavit showing the necessity for having the issue so framed as to specifically designate the precise places by streets and numbers.

The order also frames as issues to be tried by the jury the questions as to whether the adultery was committed without the consent, connivance or procurement of the plaintiff; whether five years elapsed since the plaintiff discovered the facts, and whether she has voluntarily cohabited with the defendant since such discovery. These are issues to be tried by the court, if necessary, after the rendition of the verdict upon the issue of adultery. We disapprove of the practice of submitting these issues to a jury since there is no authority therefor.

It follows, therefore, that the order should be modified by striking out the words "and elsewhere" in the second issue as framed, and by striking out the third, fourth and fifth issues, and as thus modified affirmed, with ten dollars costs and disbursements.

VAN BRUNT, P. J., PATTERSON, INGRAHAM and McLAUGHLIN, JJ., concurred.

Order modified as directed in opinion, and as modified affirmed, with ten dollars costs and disbursements.