## HORN v. HORN.

(Supreme Court, Special Term, New York County.   July, 1911.)

1. DIVORCE (§ 149*)—ISSUES—VERDICT OF JURY—CONCLUSIVENESS. ·
   Under Code Civ. Proc. § 1757, providing for a jury trial of issue of
   adultery in actions for divorce, a verdict of a jury on the issue of adul-
   tery is conclusive; but, where other issues are submitted, the findings
   of the jury are not conclusive, but the court may modify or disregard
   them.
   [Ed. Note.—For other cases, see Divorce, Cent. Dig. §§ 496–498; Dec.
   Dig. § 149.*]

2. DIVORCE (§ 219*)—TEMPORARY ALIMONY—LIABILITY.
   Where, in an action for divorce for adultery of the wife, she denied
   the commission of the offense and alleged that, if the offense was com-
   mitted, it was committed with the connivance of the husband, and that
   she was insane at the time, a verdict finding that she committed the of-
   fense without the husband's connivance, and that she was sane, did not
   conclusively determine the issue essential to a decree, but the Special
   Term must determine the issues of her insanity and of the husband's
   connivance, and pending a trial on such issues the husband must pay to
   her temporary alimony.
   [Ed. Note.—For other cases, see Divorce, Cent. Dig. §§ 640, 735–737;
   Dec. Dig. § 219.*]

Action by William O. Horn against Kathleen Horn.   Motion to
vacate an order awarding temporary alimony denied.
See, also, 127 N. Y. Supp. 1125.

John F. McIntyre, for the motion.
Laimbeer, Marcus & Wels (Francis E. Laimbeer, of counsel), op-
posed.

GIEGERICH, J.   The plaintiff by this motion seeks to vacate an
order heretofore made directing him to pay to the defendant for
her support and maintenance during the pendency of the action alimony
at the rate of $3,600 per year, payable in equal monthly installments
of $300 each in advance.   The action is for a divorce on the ground
of the defendant's adultery.   She denies the adultery, and sets up the
further defense that such act of adultery, if committed, was committed
with the connivance and procurement of the plaintiff, and that she was
of unsound mind at the time and that she did not know the nature and
quality of the act committed by her.

Thereafter, an order was made framing issues to be tried by a jury,
the issues to be determined being: (1) Did the defendant commit
adultery with a person mentioned at a certain time and place?   (2)
If she did, was such adultery committed with the consent, connivance,
privity or procurement of the plaintiff?   (3) Was the defendant of
sound mind when she is so charged with having committed adultery?
These issues were tried before the court and a jury at Trial Term, Part
2, during the June, 1910, term, and the jury found that the defendant
was guilty of adultery as charged and that such act of adultery was
committed without the consent, connivance, privity or procurement of
the plaintiff, but were unable to agree as to the third question submit-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

ted to them concerning the mental soundness of the defendant. Thereafter a supplemental complaint was served setting forth that the defendant had, subsequent to the trial of the action, committed another act of adultery with a person mentioned specifying the time and place. An answer thereto was served, and the issues so formed were again framed, and six questions were directed to be submitted to the jury, the first three being identical with those above mentioned. When the issues as thus framed came on for trial at Trial Term, Part 2, during the June, 1911, term, counsel for the plaintiff upon the opening of the case stated that proof would only be adduced as to the adultery alleged in the original complaint, thus leaving for determination the three issues originally framed. The trial continued for ten actual court days, and the jury found all three questions adversely to the defendant. The cause has not as yet been reached for trial at Special Term, Part 3. An application to prefer it was made upon the conclusion of the second trial, but because of the defendant's opposition the motion was not granted.

The plaintiff, in his moving affidavit, alleges that:

"There now remains but one issue to be disposed of at the trial at Special Term, namely, that of the custody of the two children, the issue of the marriage of the plaintiff and the defendant, all the remaining issues having been disposed of."

[1] I think, however, the foregoing statement is erroneous, as in the view I take of the case there remains at least one important issue, if not more, still to be tried and disposed of at the Special Term when the cause is regularly reached for trial, and the finding of the jury on the issue of adultery is returned to that branch of the court. The right of a trial by a jury, as matter of right, in an action like the present one, is given only where "the answer puts in issue the allegation of adultery" (Code Civ. Proc. § 1757, subd. 1), and hence the finding of the jury is conclusive upon that issue only (Code Civ. Proc. § 970; Lowenthal v. Lowenthal, 157 N. Y. 236, 243, 51 N. E. 995; Fries v. Fries, 34 Misc. Rep. 479, 70 N. Y. Supp. 295). If other issues than adultery, in an action for divorce, are sent to a jury its findings as to them are not conclusive, but, as hereafter shown, are subject to acceptance at the discretion of the court, the trial of such issues by a jury being had only for the purpose of obtaining a verdict that may enlighten the conscience of the court. While it is true that in Lusk v. Lusk, 31 Misc. Rep. 314, 65 N. Y. Supp. 401, relied upon by counsel for the plaintiff, it is stated that the rule in equity cases that the findings of a jury upon questions of fact are not binding on the court, but are merely advisory, does not apply to actions for divorce, it will be seen upon an examination of the facts in that case that the only issue tried by the jury was that of adultery, and therefore any apparent statement beyond the effect of a finding upon that question cannot be regarded as intended. So, too, the issue of adultery was the only one sent to the jury in Carpenter v. Carpenter, 9 N. Y. Supp. 583,[1] cited in Lusk v. Lusk, supra, and hence the statement that under

---

[1] Reported in full in the New York Supplement; reported as a memorandum decision without opinion in 56 Hun, 643.

section 970 of the Code the finding of the jury upon each question submitted to it was conclusive in the action could not apply to any other issue than that of adultery because, as already shown, that issue is the only one that is required to be sent to a jury in a case of this character. Code Civ. Proc. § 1757, subd. 1. These two cases cannot, therefore, be regarded as relating to any other question than that which was raised in them, viz., the issue of adultery, and they are authorities only for the proposition that the finding of a jury is conclusive on the issue of adultery in an action for divorce; and such is the construction placed upon sections 1757 and 970 of the Code by the Court of Appeals in Lowenthal v. Lowenthal, supra.

This view is in harmony with the more recent adjudications, which hold, in substance, that there is no authority for the submission to the jury of any issue other than that of adultery, and as a corollary it follows that the Special Term is not bound by the finding of the jury upon any issue except that of adultery. In Bush v. Bush, 103 App. Div. 588, 93 N. Y. Supp. 159, the order framing the issues also contained the questions whether the adultery was committed without the consent, connivance, or procurement of the plaintiff, whether five years had elapsed since the plaintiff discovered the facts, and whether she had voluntarily cohabited with the defendant since such discovery, and it was held that no authority exists for such practice and that those were issues to be tried by the court, if necessary, after the rendition of the verdict upon the issue of adultery. In Wilcox v. Wilcox, 116 App. Div. 423, 425, 101 N. Y. Supp. 828, 829, an order was made directing that the question of the defendant's adultery and her insanity be sent to a jury for trial, and it was held that the defendant was not entitled to have the issue as to her alleged insanity submitted to a jury; the court saying:

"There is no statute giving her such right, and the practice of submitting any other question than that of adultery was condemned by this court in Bush v. Bush, 103 App. Div. 588 [93 N. Y. Supp. 159]. This is an issue to be determined by the court, if necessary, after the rendition of the verdict upon the issue of adultery."

These cases were followed in Wood v. Platt, 57 Misc. Rep. 140, 108 N. Y. Supp. 948, where it was held, on a motion for an order framing issues and directing a trial thereof by a jury, that there was no authority for submitting to a jury the question whether the plaintiff was married to the defendant, the only issue raised by the pleadings. As the right to a jury trial in an action for divorce is limited to the issue of adultery, the verdict of the jury upon any other issues that may be sent to it is subject to the same rules which obtain where a trial by jury does not exist as matter of right. These rules are stated by the Court of Appeals in McClave v. Gibb, 157 N. Y. 413, 420, 52 N. E. 186, 187, as follows:

"Where a party is entitled by the Constitution, or by express provisions of law, to a trial by jury, of one or more issues of fact, the finding of the jury is conclusive in the action, unless the verdict is set aside or a new trial is granted, but where the party is not entitled, as matter of right, to a trial by jury, the verdict is not conclusive upon the parties and the trial court may adopt it, modify it, or disregard it and find the facts anew. In the latter class of cases the verdict is treated as an aid to the court to inform its conscience,

but it is in nowise bound thereby, for the responsibility of determining the facts rests upon the trial judge, and our Code has not changed the rule in this respect."

The verdict of the jury in respect to the issues other than adultery is therefore, at most, merely advisory, and all such issues remain to be disposed of at the Special Term.   Lowenthal v. Lowenthal, supra. With respect to the defendant's right to further alimony, it should be observed that it was a well-settled rule under the old cases that temporary alimony continues until the entry of the judgment granting or denying the relief asked.   Germond v. Germond, 1 Paige, Ch. 83; Stanford v. Stanford, 1 Edw. Ch. 317; Moncrief v. Moncrief, 15 Abb. Prac. 187; Beadleston v. Beadleston, 23 Wkly. Dig. 365; 3 Enc. L. & P. 137.   In Germond v. Germond, supra, the chancellor held that the wife was entitled to alimony up to the termination of the suit by a final decree.   The same rule was applied in Stanford v. Stanford, supra, where the vice chancellor held that a wife is entitled to temporary alimony up to a final decree, notwithstanding a jury upon a feigned issue had given a verdict of adultery against her.   The last-cited case was followed by the General Term of this department in Moncrief v. Moncrief, 15 Abb. Prac. 187, where the court, at page 188, said that the rule as to the payment of alimony was 'that it is to be paid up to the entry of the final judgment (citing Stanford v. Stanford, supra), even if the decision at the trial should be adverse to the wife.   In Beadleston v. Beadleston, supra, the General Term of this department held that a plaintiff, in an action for an absolute divorce, was not relieved from the obligation of paying weekly alimony pendente lite by the filing of a referee's report in his favor, the court saying that the action was not finally determined until the entry of judgment, and that the obligation to pay alimony did not cease until that time.   While I am inclined to the view that the cases of Stanford v. Stanford, supra, and Moncrief v. Moncrief, supra, are no longer controlling where the sole issue is that of adultery, by reason of the provisions of said sections 1757 and 970 of the Code, as construed in the light of the decision in Lowenthal v. Lowenthal, supra, still, as there are important issues in this case other than adultery yet to be passed upon at the Special Term, the principle of those cases does apply to the present situation, and I do not think the wife's support should be withdrawn pending the trial and final disposition of such other issues, even though the jury has found her guilty of adultery.

[2] From the papers before me it appears that the question of the defendant's insanity at the time she is alleged to have committed the act of adultery was strongly contested at the trial before the jury, no less than seven experts having testified in her favor, and it is claimed by her counsel that error was committed by the trial judge in excluding certain testimony bearing upon the defendant's alleged insanity and also testimony tending to establish the defense that the alleged adultery was committed with the consent, connivance, privity or procurement of the plaintiff, and that the defendant intends in good faith to appeal as soon as she is able to do so.   Before the plaintiff will be entitled to an interlocutory judgment, apparently serious questions remain to be

passed upon at Special Term concerning the defendant's sanity, as well as concerning the plaintiff's consent, connivance, privity and procurement. Such being the case, I do not think that the order in question should be vacated at the present time.

The motion is therefore denied, with $10 costs.