### FURTHMANN v. FURTHMANN.

(Supreme Court, Appellate Division, First Department. February 7, 1913.)

1. DIVORCE (§ 107*)—BILL OF PARTICULARS—ADULTERY.
> In an action for divorce on the ground of adultery, a complaint which abounds with such phrases as "divers other men" and "divers other places," and which would permit plaintiff to offer proof to show adulteries committed anywhere, with any man, within two years, was so sweeping that it would be impossible to frame issues, and a motion for a bill of particulars should be granted.
> [Ed. Note.—For other cases, see Divorce, Cent. Dig. §§ 346-348; Dec. Dig. § 107.*]

2. DIVORCE (§ 107*)—MOTIONS—BILL OF PARTICULARS—EVIDENCE.
> Where a motion asks for a bill of particulars, and that evidence be not admitted respecting matters concerning which plaintiff fails to give

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

particulars, the part of the motion as to the admission of testimony is premature.

[Ed. Note.—For other cases, see Divorce, Cent. Dig. §§ 346–348; Dec. Dig. § 107.*]

Appeal from Special Term, New York County.

Action by Charles Furthmann against Gertrude Furthmann. From an order denying a motion for a bill of particulars, the defendant appeals. Reversed.

Argued before INGRAHAM, P. J., and McLAUGHLIN, CLARKE, SCOTT, and DOWLING, JJ.

James W. Osborne, of New York City, for appellant.
Abraham Levy, of New York City, for respondent.

SCOTT, J. The plaintiff sues for divorce upon the ground of adultery, by a complaint containing no less than 16 paragraphs setting forth alleged acts of adultery in the most sweeping and general terms. At a cursory glance the complaint appears to set forth names and places with considerable particularity, but it abounds with indefinite phrases, such as "divers other men" and "divers other places," so that, in effect, it would permit plaintiff to offer proof to show adulteries committed anywhere, with any man, and at any time within a period of two years. It is manifest that such a complaint as this affords no information to defendant as to what she will be called upon to meet, and that it would be quite impossible to frame issues which would certainly cover the matters to be tried. The purpose of granting a bill of particulars in a case like the present is, as has often been said, to define the issues which are to be tried, and unless plaintiff has drawn his complaint recklessly, and bases it only on suspicion, he must be able to state more definitely than he has done what charges against his wife he expects to support by proof.

[1] Indeed, his attempted denial of his ability to give further particulars is but half-hearted and far from convincing, and it is quite evident that his controlling reason is that stated in his affidavit to the effect that he is advised by his counsel that, because he expects to prove his charges by circumstantial evidence, he is "not obliged to furnish any of the details required by the defendant or her attorneys." This advice was doubtless based upon the case of Krauss v. Krauss, 73 App. Div. 509, 77 N. Y. Supp. 203, much relied on by respondent upon this appeal, and cited by the justice at Special Term as authority for the denial of the motion. The Krauss Case was very different from this. There was but one co-respondent named, and the places at which the adultery was alleged to have been committed, evidently the successive residences of the co-respondent, were stated with particularity. All that was not stated was the particular day or days on which the adultery was committed. It was very apparent that the plaintiff expected to rely upon a continuous intimacy, accompanied by such circumstances as would justify the inference that the intimacy had been adulter-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

ous. In such a case it would not be necessary for plaintiff to point out and prove the precise dates on which acts of adultery were committed, and therefore she was not required to specify them.

It may be in the present case that the plaintiff is honestly unable, and should not be required, to tie himself down quite so closely as defendant would have him do; yet it is entirely clear that she is entitled to much closer specifications of what she may be called upon to meet at the trial than is afforded by the complaint. The plaintiff has not been sufficiently frank and ingenuous with the court to enable us to say, in detail, how far he should be required to comply with the defendant's demand, or how much latitude of specification should be allowed him, in the interests of justice. We cannot accept his general statement that he cannot give with greater particularity the exact times when or places where the alleged acts of adultery were committed, in view of the very general charges in his complaint. If he cannot exactly specify, he can at least limit the range of his charges. Upon the papers before us, the best disposition of the motion will be to grant the motion as it is made, inserting in the order the provision, contemplated by the notice of motion, that in case the plaintiff has no knowledge, or is unable to give precise particulars, with reference to any of the matters as to which particulars are ordered, he shall so state under oath. Of course, he will be expected to make an honest attempt to comply with the order, and must be prepared to satisfy the court as to his good faith.

[2] So much of the motion as asks that the plaintiff be precluded from offering proof respecting matters concerning which plaintiff fails to give particulars is premature. It will be time enough to consider that question when the bill of particulars has been furnished.

The order appealed from must be reversed, with $10 costs and disbursements, and the motion granted to the extent above indicated, with $10 costs. All concur.