(91 Misc. Rep. 254)

### KING v. KING.

(Supreme Court, Special Term, Erie County.   July, 1915.)

DIVORCE ☞149—JUDGMENT—ISSUES—HOW DETERMINED.

Where, in a husband's suit for divorce, the issues of adultery, consent, connivance, condonation, and procurement were found by the jury for the plaintiff, judgment for plaintiff cannot be rendered on motion for judgment at a Special Term for Motions; only the issue of adultery having been conclusively determined by the verdict, which as to the other issues is advisory only to the court at Equity Terms, by whom such issues must be finally determined.

[Ed. Note.—For other cases, see Divorce, Cent. Dig. §§ 496–498; Dec. Dig. ☞149.]

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Action for divorce by James E. King against Rose A. King. On motion by plaintiff for interlocutory judgment on a verdict in his favor on issues settled and directed to be tried by a jury. Denied.

See, also, 156 App. Div. 966, 151 N. Y. Supp. 1124.

Godfrey Frohe, of Buffalo, for plaintiff.

Clark H. Hammond, of Buffalo, for defendant.

BROWN, J. The answer of the defendant denies the commission of the acts of adultery charged in the complaint, and alleges as a defense that such adultery, if committed, was committed by defendant through the procurement, connivance, and privity of the plaintiff, and that the same had been condoned by the plaintiff.

These issues were by order directed to be tried by a jury. The jury found upon each of them in favor of the plaintiff. The plaintiff contends that, all the issues having been tried, this court at Special Term may render an interlocutory judgment as upon a motion, as provided by section 1225 of the Code of Civil Procedure. The difficulty seems to be that all the issues have not been determined; that is, conclusively determined. The issue as to the defendant's adultery has been conclusively determined. Lowenthal v. Lowenthal, 157 N. Y. 236, 51 N. E. 995.

The issues as to plaintiff's consent, condonation, connivance, privity, and procurement have not been conclusively determined. The sending of those issues to the jury was the exercise of a discretion; it was not a right to which the defendant was entitled. The verdict of the jury upon those questions is advisory only, not conclusive. The court, that makes the conclusive determination upon those questions, may adopt or reject the jury's findings. There must be a trial of those issues; they cannot be disposed of on a motion; they must be tried by a court held for the trial of issues. This Special Term is appointed to be held only for hearing motions. The term of this court appointed to be held for the trial of issues is the Equity Term. Horn v. Horn, 73 Misc. Rep. 14, 130 N. Y. Supp. 591; McClave v. Gibb, 157 N. Y. 420, 52 N. E. 186.

Plaintiff's motion must be denied.