GEORGE M. MacDONALD, Respondent, v. THE CITY OF NEW YORK and THE ARTHUR A. JOHNSON CORPORATION, Appellants.— Action against the City of New York and The Arthur A. Johnson Corporation to recover for personal injuries received by plaintiff when he stumbled and fell over unguarded pegs that had been driven in the sidewalk by defendant The Arthur A. Johnson Corporation with the permission of defendant The City of New York. On appeal of both defendants, judgment in plaintiff's favor unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Young, Scudder, Tompkins and Davis, JJ.

HOWARD R. MORTON, Respondent, v. KARLOPAT REALTY CORPORATION and Another, Appellants.— Plaintiff, an assistant supervisor in the Department of Labor, on an official visit of inspection of premises controlled by the defendants, received physical injuries due to the negligence of one of defendants' employees. Judgment on verdict for plaintiff and order denying motion for a new trial unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Young, Carswell, Scudder and Davis, JJ.

CHARLES NIEMANN, Respondent, v. WILLIAM SPIWAK, Appellant, and Others, Defendants.— Order denying motion to dismiss the complaint on the ground that on its face it fails to state facts sufficient to constitute a cause of action affirmed, with ten dollars costs and disbursements. The complaint stating two causes of action, namely, one for a debt alleged to be owing by defendant William Spiwak to the plaintiff, and a second cause of action alleging a fraudulent conveyance of real property by said Spiwak and his wife, by which it is alleged Spiwak made himself insolvent or with an " unreasonably small capital " with intent to defraud the plaintiff, is sufficient on the face thereof and the defendants' motion to dismiss the complaint was properly denied. Young, Hagarty, Carswell and Tompkins, JJ., concur; Lazansky, P. J., concurs in result.

JOHN A. PARSONS, Appellant, v. DOROTHY M. PARSONS, Respondent.— Order granting defendant's motion to frame issues modified by eliminating therefrom the issue therein designated as number " 8," and as so modified affirmed, without costs. We are of opinion that issue numbered 8, " Did the plaintiff, John A. Parsons, between the 1st day of January, 1926, and the 7th day of May, 1934, at divers places in Nassau County and in New York County, State of New York, commit adultery with adult female [*sic*] women," is too general and too indefinite, involving as it does a period of more than eight years, and should be eliminated. The other issues, based on the counterclaim as amplified by the bill of particulars, are sufficiently definite and specific and the bill of particulars as served is sufficient as to them. (See *Bush* v. *Bush*, 103 App. Div. 588; *Weis* v. *Weis*, 123 id. 409; *Furthmann* v. *Furthmann*, 155 id. 202.) Since, therefore, the issue numbered 8 will be eliminated and the bill of particulars as to the other issues is sufficient, the order denying appellant's motion for a further bill of particulars is affirmed. Hagarty, Tompkins and Davis, JJ., concur; Lazansky, P. J., and Carswell, J., dissent, with the following memorandum: The issues numbered 3 to 8 are too indefinite and vague to be sustained. A further bill of particulars in conformity with *Furthmann* v. *Furthmann* (155 App. Div. 202) should be ordered.