1824.

PHILO MOREHOUSE and others, appellants

v.

BATES COOKE, respondent.

The statute authorising surrogates to appoint guardians for infants, does not require notice of the application.

But in certain cases, such notice is proper to be given.

As between an uncle and a stranger, other things being equal, the uncle is to be preferred as guardian.

The common law rule of guardianship in soccage, never prevailed in chancery.

1824.
July 19.

*Right of guardianship.*

On an appeal from an order of the surrogate of Niagara county.

S. B. MOREHOUSE late of the county of Niagara, having died leaving two infant children, who had no nearer of kin of either side, than uncles ; the surrogate appointed the respondent Bates Cooke, to be their guardian. This appointment was understood to be with the approbation of the maternal relations of the infants, who resided out of the state ; but it was made without notice to the next of kin residing in the state. The guardian was not related to the infants.

This order being appealed from, a reference had heretofore been specially made to master Willard H. Smith of Livingston county, to inquire and report which was the most proper person to be appointed guardian. The master had made a very special report, detailing the testimony, of which a great mass was presented, and concluding in favor of Bates Cooke the respondent.

The appeal now came to be heard, and was argued by .

MR. ATTORNEY GENERAL TALCOTT and MR. G. C. BRONSON for the appellants, and by

MR. H. BLEECKER for the respondent.

The argument was confined to the discussion of the testimony, excepting however, the effect of the common law rule, as to guardianship in soccage, which is noticed in the opinion of the court.

The court took time to consider the case.

THE CHANCELLOR. The statute authorising surrogates to appoint guardians for infants, does not require, that notice of

an application for the appointment of a guardian, should be given to the relatives of the infant, or to any person interested in the appointment : but where relatives of the infant reside in the state, and application for the guardianship, is made by a person not connected with the infant by blood or affinity, notice to the relatives, must in general, be proper. In this case, the guardian appointed by the surrogate, is not related to the infants, either by blood or marriage ; he was appointed without notice of the application for his appointment, to any relative of the infants ; and several relatives of the infants reside in the state. As the cause now stands before this court, the pretensions of the contending parties, to this guardianship, must be considered open to a proper decision, in the same manner, as if these parties had appeared and had been heard before the surrogate.

An inquiry has been directed by this court and has been made by a master, to ascertain, whether the petitioner Philo Morehouse, or Bates Cooke the guardian appointed by the surrogate, is the most proper person to be the guardian of these infants. Much testimony has been taken ; and the master has reported, that in his opinion, the present guardian is the most proper person for this trust. Upon all the testimony before the court, I do not find any clear reason to pronounce one of these persons more fit than the other, in the personal qualifications which are requisite for a trust of this nature. Both these persons, appear to be very respectable men ; and either of them, seems very fit to be the guardian of these minors. If one of them is more fit than the other, the difference is not easily discerned ; and the strictest scrutiny of this testimony, can show nothing more than some faint shade of distinction in their respective qualifications. It is therefore, unnecessary, to recite the opinions of the witnesses, or the details of their testimony. The conclusion which I draw from all the testimony, is, that these two persons must be considered as standing equal with each other, in respect to general competency and qualifications for this guardianship.

Philo Morehouse, is an uncle of these infants ; and Bates Cooke, is not of kin to them. If both these persons are equally competent in personal qualifications for this trust, the sole

*1824.*

MOREHOUSE
v.
COOKE.

MOREHOUSE
v.
COOKE.

1824.

question then is, whether an uncle is or is not to be preferred to a stranger, other things being equal. I entertain no doubt, that the uncle is to be preferred to a person not related to the infants.

The doubt which has been raised upon this question, is derived from the rule of the common law concerning guardianships in soccage: but that rule never governed the English chancery, in the exercise of its power to appoint general guardians for infants. 2 P. Wms. 262. 9 Mod. 135. Hargrave's notes on Co. Lit. 88. b.

In all the circumstances of this case, I am of opinion, that Philo Morehouse is a fit person to be the guardian of these infants; and that he is entitled to the guardianship, in preference to Bates Cooke.

Decree accordingly.