## SUPREME COURT.

### In the matter of the petition of MICHAEL CUNEEN.

Although the common law and the practice of the courts maintain the right of *father* to the custody and care of his infant children, yet the courts will not allow such children to be delivered to the custody of the father, when (as in this case) to do so would be manifestly to their detriment and discomfort.

*New-York Special Term, May,* 1859.

HABEAS CORPUS by the petitioner, for the custody of his infant children.

CLERKE, Justice. The common law, no doubt, recognizes the paramount right of the father to the custody of his infant children ; but, while the courts still maintian his right in preference to all others (other things being equal), they will not deliver the children to his custody, when to do so will be manifestly to their detriment and discomfort. I think the father in this

case, in his intercourse with his family, has evinced a suspicious and splenetic temper, which could not fail to make them exceedingly unhappy, and to pervert the dispositions of his children. He, indeed, contradicts many of the instances of tyrannical and abusive conduct of which his wife testifies ; but, I must say, his explanations are unsatisfactory, and his wife is corroborated by Poole, and by Mr. and Mrs. Cottrell. His conduct, on the melancholy occasion when his eldest daughter was dying, evinces a state of mind totally incompatible with that affection which a father, capable of ruling his family with mildness and discretion, should possess.

The testimony also clearly shows that, at least latterly, he is either unwilling or unable to provide the necessary support for his children. Mrs. Vosburgh, Mr. Snodgrass and Mr. Cottrell, in corroboration of the statements of Mrs. Cuneen, prove a state almost of destitution during the severest portion of the past winter, which the testimony of the relator does not satisfactorily explain.

I may, therefore, say, in the language of Chief Justice THOMPSON, in the matter of *Waldron* (13 *J. R.* 419), " that it will be most for the benefit of the children to remain with their grandparents (and mother) than to be put under the care and custody of their father."

Writ dismissed.