Daniels, J.
This is a proceeding in equity instituted by the petitioner against his wife for the custody of their two minor children. The parties were married in January, 1865, and have lived separate and apart since January, 1876. From that time until the present, the two children of the marriage, one of whom is a boy of the age of about fourteen years, and the other a girl of the age of about sixteen years, have resided with their mother, the respondent, at Albion, in the county of Orleans. The petitioner- is a physician residing, and in the practice of his profession at den Cove in Queens county. By the affidavits which have been produced in support of the proceeding, it appears that he is keeping house at that place, having a housekeeper,, not related to these children, employed for that purpose. His own ability to support, maintain and educate the children, as well as his general good moral character, have been attested by his own affidavit, as well as those of a large number of his neighbors and acquaintances. From the statements which these persons have made, no reasonable doubt can be entertained that the petitioner is a respectable physician in the community in which he resides. And it is further evident that the income derived by him from his professional pursuits would enable him to maintain and educate these children. But it does not necessarily follow from those circumstances, and the further fact that the petitioner is their father, that their custody should be transferred to him. The present proceeding is in equity, and in its determination the inquiry arises as to what-will be the best disposition that can be made of these children, for the promotion of their own education, support and well-being. It is instituted under the authority of the rule sustained by *217 Wilcox v. Wilcox (14 N. Y. 575), and it can only properly be disposed of by ascertaining from the proofs which of the parties is the best fitted to have the custody of these children. The fact that the applicant is a physician, partially withdrawn by his pursuits from the place of his residence, and that his household is under the charge of a housekeeper, are circumstances not favorable to the promotion of the claim now presented in his behalf. Beyond that, it appears that his separation from his wife resulted from • no misconduct on her part. It was at his suggestion, and by his direction, that she left him and took these children to her own family relatives, where they have been well supported and maintained during the interval. He seems to have had no justifiable reason for sending them, as he did, from his household, but the act was prompted by a determination upon his part, to live no longer with the respondent as his wife. That is rendered evident by a letter written by him to her, and attested, as to this statement, by herself and another person to whom it had been exhibited. Since that time the mother of these children, by the aid and assistance of her relatives, and her own exertions, has acquired such a knowledge of the medical profession, as to enable her to pursue it with so much profit and advantage, as to derive a suitable income for the support of herself and children, and insure their education. Her conduct, since she was sent away by her husband, has been free from exception, and it has secured the commendation of her neighbors and acquaintances, and in all respects she appears to be well fitted to have the care, charge and education of these children. The boy is not in robust health, and to a certain extent is dependent upon the care and attention of his mother, while the daughter has reached that period in life when the oversight and assistance of her mother seems to be indispensable to her health *218 and safety. She has undertaken" the systematic education of both these children, and with her they are enjoying the advantages of very competent instructors. To take them from her and now transfer them to their father, would for the time deprive them of the benefit and enjoyment of these advantages. They themselves are ardently attached to their mother, while they have little affection for their father, because of his conduct towards them and their mother, so far as it has been disclosed by the evidence, and the circumstance that they have resided so long away from him. Their affidavits have been produced, and in them they state that it is their desire to remain subject to the care and in the custody of their mother, and they object in decided terms to be transferred to the household now maintained by their father. For the greater part of the time since they were born they have been supported, either by the hospitalities of their friends, or the efforts and exertions of their mother. Practically they were voluntarily abandoned by their father, and in their presence, as well as in the presence of their mother, he has been shown to have misconducted himself in such a manner as to indicate that the transfer of their custody to him would not be a fortunate circumstance for them. With their mother they are provided with an unexceptionable home, surrounded by all proper influences, and provided with such educational advantages as will not fail to render them proper and useful members of society. These advantages should not now be imperiled by removing the children from the care and home of their mother and transferring them to the father, who has done so little for them, and was willing to abandon them to the charitable protection of their relatives, when they were so dependent as to be actually incapable of doing anything for themselves.
It is true, as a general proposition, that the father *219 is regarded as the legal custodian of his children, but this rule is required to yield when the circumstances are such as to render it evident that its observance would probably be injurious to the children themselves (2 Kent Comm. 7 ed. 210-212; Matter of Waldron, 13 Johns. 418; Matter of Cuneen, 17 How. Pr. 616).
Under the well established rules of courts of equity, the custodian of minor children is to be regarded as a trustee, charged with the observance of the most important duties. They consist not only in the care of the children themselves, but in the obligation to provide them with proper maintenance and education, and to surround them with such influences as will enable them to become valuable and useful members of the community in which they may reside. The promotion of these objects is what is most to be considered in determining between the parents living separate and apart from each other, for the purpose of properly dis: posing of the custody of infant children. That they will be best subserved, in this instance, hy leaving the children with their mother, in whose custody they were voluntarily placed by their father in January, 1876, and where, with his acquiescence, they have since continued, is made quite evident by the affidavits which have been read upon the hearing in this proceeding. She has done extremely well for them during' all the time they have been committed to her sole charge and protection, while he appears to have remained indifferent to their wants, and in no manner materially assisted in providing for their necessities. The affectionate relations which, with his assent, have grown up and now become established between them and their mother, should not be severed for the purpose of restoring them to the custody of the petitioner, in which they can only be provided with the oversight and care of a housekeeper not personally interested in their welfare. As* the case now. appears, a wrong *220 would clearly be done to remove these children from the custody of their mother.
It was suggested upon the argument that if this conclusion should be reached upon the evidence produced, it would be desirable that the petitioner should have still another opportunity of presenting his claim for the custody of these children. But as the case has been so fully presented upon this hearing, and the facts and circumstances requiring consideration have been brought forward for consideration to so great an extent as they have, justice does not require that'a still further contest should be invited as to the disposition which should be made of the children. In every sense they are well cared for, and well protected and provided for where they now are. Their condition cannot possibly be improved in these respects, and for these reasons no further hearing of this controversy should be permitted. The application made must be denied and the costs of the proceeding awarded to the respondent.