(38 Misc. Rep. 335.)

### ISRAEL v. ISRAEL.

(Supreme Court, Special Term, New York County. June, 1902.)

1. DIVORCE—ABANDONMENT.
    Where a husband sues for divorce for adultery, and the wife denies the charges made, and claims an abandonment, which the husband admits, but justifies, and the wife is found not guilty, she is entitled to a decree of separation.

2. PLEADING—FILING REPLY.
    After a trial a reply should not be allowed to be amended, except in the interests of justice.

3. DIVORCE—CUSTODY OF CHILDREN.
    Where decree of divorce is granted a wife, and she and her husband possess equal moral qualifications, the custody of the children, where they desire it, will be awarded to the wife.

Action by Abraham Israel against Lillie B. Israel. Decree for defendant on counterclaim.

¶ 3. See Divorce, vol. 17, Cent. Dig. § 786.

Boudinot Keith (George A. Strong, of counsel), for plaintiff.
Guggenheimer, Untermyer & Marshall, for defendant.

GREENBAUM, J.   Plaintiff brought this suit against the defendant, his wife, for an absolute divorce, based upon her alleged acts of adultery.   Defendant denied the charges, and set up in her answer, by way of counterclaim, alleged acts of cruelty on the part of plaintiff, and an abandonment of the defendant, and prayed for a decree of separation.   The plaintiff replied to the counterclaim, denying the acts of cruelty, but admitting the charge of abandonment, and justifying it in the following allegations:

"And plaintiff avers that he does refuse to support the defendant or to live with her on account of the adulterous intercourse with the said Kaufman on numerous occasions, all of which have been fully set forth and specified in the complaint heretofore filed in this action for an absolute divorce on the ground of adultery with the said Jacob Kaufman."

The issue of adultery was submitted to a jury, pursuant to section 1756 of the Code, and upon a trial had upon the issue, a verdict was rendered in favor of the defendant.   A motion for a new trial was made by the plaintiff, and denied.

The finding of the jury was conclusive as to the issue submitted, and the proper practice in such case seems to be, when the answer in an action of this nature sets up an affirmative defense, to return the finding on the issue · of adultery to the special term, where a decision as to all the issues is made.   Code Civ. Proc. § 970; Lowenthal v. Lowenthal, 157 N. Y. 236, 51 N. E. 995.   In view of the state of the pleadings and of the binding force of the finding of the jury on the issue of adultery, it is apparent that the defendant becomes entitled to a decree of separation on the ground of abandonment.   The abandonment was admitted, and the plaintiff's justification therefor was expressly found against him by the jury.   Hence separation must be decreed upon defendant's counterclaim.

Respecting the motion made after the trial for leave to amend the reply, I am of opinion that such a motion should only be granted in a clear case, where justice demands it.   I do not think that the facts adduced would warrant the court in granting such an amendment at this stage of the case.

The remaining matters are those relating to the custody of the children and alimony and counsel fee.   The parties were married on the 25th day of February, 1886.   There are two children, both girls, issue of their marriage, aged, in April, 1899, the time of the commencement of this action, twelve and six years, respectively.   In order to determine the important question as to where the custody of the children shall go, the plaintiff was permitted to introduce evidence covering a wide range, bearing upon the habits, character, disposition, and moral equipment of the defendant.   It was urged by the plaintiff that, notwithstanding the finding of the jury, the defendant was not a proper person to whom to intrust the nurture and education of the children.   The testimony introduced by the plaintiff tended to show that the defendant had a marked fondness for the society

of men, and notably men engaged in professional careers. Outside of the direct acts of adultery charged against her in the complaint, the relations of the defendant toward other men, assuming them to have been as asserted by the plaintiff, were not necessarily indicative of an immoral or criminal nature. If true, they undoubtedly reflected a character that disregarded the sentiments and feelings of the husband, and placed the defendant in a position where her honor might be jeopardized in the eyes of reputable members of society. Such acts would unquestionably tend to show that a woman's sense of the proprieties is very dull. But defendant indignantly denies the charges made against her, and brings forward the persons with whom the alleged freedom of action existed, and they too deny the imputations of impropriety. The number of instances of improper conduct complained of are comparatively few.

As to the charges of adultery upon which the complaint was based, I find, upon a perusal of the testimony, that it was of the most positive and circumstantial character, and that if true, it was most conclusive of the defendant's guilt. The verdict of the jury cannot be reconciled with any other theory than that the testimony was absolutely discredited and rejected as unworthy of belief. As this court is concluded by the finding of the jury, all the testimony bearing upon improper relations with Dr. Kaufman must be here discarded. The defendant appears to be a woman of education, refinement of manners, devoted to her children, and in sympathetic relations with her parents, who are conceded to be of good repute. A significant feature of the trial was that no testimony was adduced showing any general course of conduct since this action was commenced (upward of three years ago) which might indicate that the defendant was a woman of bad or questionable habits. Indeed, outside of the special incidents detailed, the case is barren of any proof tending to show a depraved nature, so far as her outward actions would indicate. Under these circumstances, with a finding of the jury in her favor, repelling the allegation of unchastity, a court should be very loath indeed to do aught which would tend to take from her what should be her most precious possession,—an untarnished name. I have therefore come to the conclusion that both parties should be considered by the court as possessing equal moral qualifications. To whom then shall the children be intrusted? In determining this question some regard must be given to the wishes of the children, and to their age and sex. The children profess a strong desire to be with their mother. The age and sex of the children would naturally lead one to regard the mother as better adapted than the father to watch over and care for their material, mental, and moral needs. After careful deliberation, I have come to the conclusion that the custody of the children should now be granted to the defendant. If the plaintiff can hereafter show that the mother is not conducting herself in a manner conducive to the moral welfare of the children, then will their interest be safeguarded upon presentation of any new facts to the court.

With reference to the questions of alimony and counsel fee, I

am of opinion that the needs of the children for some years require that the father devote as much as he can reasonably afford to their proper training and education, and that $30 a week for the support of the mother and children will not likely be too great a burden upon him.

A counsel fee of $250 will be allowed. Ordered accordingly.