In the Matter of the Revocation of Letters of General Guardianship Issued to CHARLOTTE GUSTOW, Appellant, of the Person and Estate of DOROTHY C. KIRSCHNER, an Infant.

BRUNO W. KIRSCHNER, Respondent.

Guardian and ward — revocation of letters of guardianship — petition for revocation thereof must set forth facts specified in statute (Code Civ. Pro. § 2569) — when father not entitled to decree revoking such letters — evidence — statements made by parent showing lack of affection for child competent and admissible in evidence.

1. Under section 2570 of the Code of Civil Procedure a·petition for the revocation of letters of guardianship must set forth facts showing that the case is one of those specified in section 2569, and where a petition fails to set forth facts disclosing any of the causes specified as a reason for a revocation of the letters of guardianship, the surrogate should decline to entertain the proceeding.

2. Where letters of guardianship of an infant child were issued to the maternal aunt of the infant upon the death of her mother, and thereafter, the father having married again and desiring the custody of the infant instituted a proceeding for the revocation of the letters of guardianship to the aunt and the appointment of himself as guardian of the person and property of the infant, it should appear that the interests of the infant would be promoted by the change, and the burden of alleging and proving this fact rests upon the petitioner; he is not entitled to the custody of the infant, merely because he is her father, financially able to provide for her, and that there is no question as to the regularity of his marriage and married life.

3. Evidence tending to show lack of affection in a parent for an infant child is material and competent as bearing upon the question of the welfare of the infant, and hence evidence of open and public declarations made by a parent, showing lack of proper parental affection, is admissible, and should not be excluded upon the ground that such declarations are hearsay statements.

*Matter of Kirschner*, 176 App. Div. 913, reversed.

(Argued March 5, 1917; decided March 27, 1917.)

APPEAL from an order of the Appellate Division of the Supreme Court in the first judicial department, entered

January 26, 1917, which affirmed an order of the New York County Surrogate's Court revoking letters of guardianship theretofore issued to Charlotte Gustow, as guardian of Dorothy C. Kirschner, an infant.

In October, 1916, Bruno W. Kirschner presented to the Surrogate's Court of the county of New York a verified petition showing in substance that he is the father of Dorothy Charlotte Kirschner, an infant; that the mother of Dorothy died February 25th, 1915, when the infant was six months old; that letters of guardianship were granted with his consent to Charlotte Gustow, the aunt of the infant, March 12th, 1915, and since the death of the mother the infant has resided with the aunt, guardian; that petitioner has remarried and desires to have the custody of the child; that his present wife has manifested love toward the infant and desires to bring her up; that he is in a position to provide care and attention for the child, and he asked that he be appointed guardian of her person and property, and that letters of guardianship granted to the aunt be revoked. The stepmother joined in the petition, and in a separate affidavit expressed a desire to have the infant brought up by the petitioner and herself.

Upon presentation of the petition an order was entered by the surrogate that a citation issue in conformity with the prayer of the petition, which citation was issued and returnable October 24th, 1916.

The guardian appellant filed a verified return to the petition in substance setting forth that she resided at Jamaica, Long Island, and was a sister of the deceased mother of the infant; that the child was two years old August 28th, 1916; that the mother of the infant was stricken by illness October 1st, 1914, when the infant was five weeks old, and she died February 25th, 1915, since which time the infant has been under her care and in her custody; that she consented to care for the infant and to be appointed her guardian as well as administratrix of

her deceased sister at the solicitation of the petitioner; that the petitioner has failed in part to contribute to the support of the infant, and that it would be detrimental to the welfare of the infant to allow the petitioner custody of her person, which conclusion she based upon certain facts set forth in detail which were supported by additional affidavits, the specifie allegations of which may be omitted. After a hearing before the surrogate an order was entered revoking the letters of guardianship to appellant. The Appellate Division upon appeal affirmed the order. The guardian appeals to this court.

*Patrick J. O'Beirne* for appellant. The child's welfare, and not the personal wishes or rights of the parent, is the sole and paramount consideration. (*Matter of Meyer*, 156 App. Div. 174; *Matter of Jacquet*, 40 Misc. Rep. 575.) The respondent has no affection for this child or any children, and actually opposed the birth of the infant in question. (*Matter of Meyer*, 156 App. Div. 174.)

*Isidore Failt* for respondent. Petitioner established his right to the possession and custody of his child. (*Griffin* v. *Sarsfield*, 2 Dem. 4; *Ex parte Barre*, 5 Redf. 64; *Matter of Meyer*, 156 App. Div. 174; *Matter of Jacquet*, 40 Misc. Rep. 575; *People* v. *Mercein*, 3 Hill, 399.)

HOGAN, J. The authority of the surrogate to revoke letters of guardianship is conferred by section 2569, Code of Civil Procedure (former section 2832), which section contains several separately numbered subdivisions enumerating the causes for which an order of revocation may be made. Section 2570 requires that the proceeding for revocation must be instituted by petition which must set forth the facts showing that the case is one of those specified in section 2569 of the Code. The petition in this proceeding does not comply with the requirements of the Code. It does not set forth facts disclosing any one

of the causes specified in the Code as a reason for a revocation of letters of guardianship granted to appellant. In effect it merely recites that the petitioner is the father of the infant, financially able to provide for her, and that his second wife, the stepmother of the infant, desires, or is willing that the infant shall be brought up in their household. The petition alleges that the father consented to the appointment of appellant as guardian of the child, but it fails to state facts tending to question the nature or sufficiency of the care of the infant, the surroundings and environment in which she is being reared; that the welfare of the child is not being promoted by the care bestowed upon her by appellant, or that the interests of the infant will be promoted by the appointment of another person as guardian. Upon the hearing the petitioner testified upon that subject that he could not find anything to criticize. The surrogate took cognizance of the proceeding notwithstanding the defects pointed out, issued a citation to the guardian of the infant and after a return had been made by the guardian a hearing was had before the surrogate. Our determination of this appeal might be based upon the insufficiency of the petition. We deem it proper, however, to call attention to certain alleged errors upon the hearing presented by counsel for appellant..

The surrogate before whom the hearing was had in effect held that the petitioner by reason of his relation as father of the infant and his ability to provide for her was entitled to her custody. The surrogate is in error. The cases are numerous where a parent is deprived of the custody of his or her child, or children, in actions for separation or divorce, in habeas corpus proceedings as well as in equity proceedings. The controlling principle in all cases being the welfare of the child which, in the case of an infant of tender years, involves proper care and nurture, suitable environment, healthful surroundings and education, mentally and morally. A parent

who is a drunkard, an incompetent, a notoriously immoral person, cruel or unkind towards his child would not be considered a suitable person to have the custody of a young child, when the welfare of the child is considered, simply because of the relation of parent and child. While the parent ordinarily is entitled to the custody of a child, the welfare of the child may be superior to the claim of the parent. (*Matter of Hartman*, 38 Hun, 644, without opinion, opinion reported in 23 N. Y. Wkly. Dig. 128; *Matter of Watson*, 10 Abb. [N. C.] 215; *Matter of Cuneen*, 17 How. Pr. 516; *People ex rel. Pruyne* v. *Walts*, 122 N. Y. 238, 241; *Wilcox* v. *Wilcox*, 14 N. Y. 575; approved, *Matter of Knowack*, 158 N. Y. 482, 490.)

In the case at bar, had the petitioner been appointed guardian of the infant in the first instance and thereafter in a proceeding instituted for a revocation of the letters of guardianship, it should appear that the interest of the infant would be promoted by the appointment of another person as guardian, the fact that petitioner was the father of the infant would not prevent the appointment of a guardian of the person of the child in his place. (Code Civil Procedure, section 2569, subdivision 7.)

The surrogate modified his declaration of the law later during the hearing. Counsel for appellant desired to show by evidence as he stated "the difference between the home life that the child now has and the home life it will have if she is taken from her present guardian."

The surrogate stated that he would not permit such proof unless the appellant showed that the father's house was indecent or immoral.

Counsel for appellant also sought to establish "by the very words of the father that this (proceeding) is only a sudden impulse; that he (petitioner) had no affection for the child and has none now, and that it is not for the best interest of the child to revoke this guardianship." The surrogate inquired of counsel as to whether or not he

questioned the morality of the father, the regularity of his marriage or married life, his financial ability to bring up the child or the fact that he was the father of the child. Counsel replied in the negative. Thereupon the surrogate stated, " That is all there is to the matter, all other evidence is beside the question.". Counsel excepted to the ruling. The exception was well taken. It was not incumbent upon appellant to establish that she should not be removed as guardian of the infant until the proper issue was tendered. The burden of alleging and establishing that the interest of the infant would be promoted by the appointment of a guardian in her stead was upon the petitioner. The rule stated by the surrogate would require appellant to establish that the petitioner was not a suitable person to be appointed guardian, rather than to defend against a charge that the welfare of the infant would be promoted by her removal.

Evidence tending to show lack of affection in a parent for his or her child is material and competent. As pointed out, cruelty towards a child may be a sufficient cause for depriving a parent of the custody of his or her child. Can it be successfully asserted that the interests of an infant two and one-half years of age will be promoted if the child is deprived of affection, sympathy and devotion so essential to its welfare, or that the future of the child will be benefited if it is reared in an atmosphere of indifference? In such surroundings, the mere presence of the child tends to irritation, its necessities are neglected, its character cannot be molded along proper lines and grave danger exists that it will be governed by methods of cruelty rather than by patience, reason and affection. Open and public declaration of lack of affection for a helpless infant or a child of tender years, if made by a parent, are not hearsay statements as stated by the surrogate, but admissible in evidence as bearing upon the primary question, the welfare of the infant or child; they might be of sufficient weight to justify a determination

of the proper person to have the custody of the child, but in any event such statements if made in connection with other circumstances and evidence are proper for the consideration of the surrogate.

In view of the errors pointed out it is unnecessary to consider other questions argued by counsel for appellant.

The orders of the Appellate Division and of the surrogate should be reversed, with costs to appellant in the Appellate Division and in this court, and the proceeding dismissed.

HISCOCK, Ch. J., CHASE, COLLIN and CRANE, JJ., concur; CARDOZO, J., concurs in result to the extent of voting for reversal and a new hearing; McLAUGHLIN, J., absent.

Orders reversed, etc.