Matter of the Guardianship of FRANCIS S. McGUIRE, an Infant.

(Surrogate's Court, Bronx County, December, 1920.)

Guardians — who may be appointed — infants — wills — Code Civ. Pro. § 2649.

Upon an application for the appointment of a guardian of the person and estate of an infant, the fundamental and paramount consideration must be the welfare and best interests of the infant.

Where it is made to appear that the welfare and interests of the infant will be best served by the appointment of some one other than the petitioner, though not a relative, all other considerations must give way.

Surrogate's Court, Bronx County, December, 1920. [Vol. 114.

> Where it appears that the interests of an infant between the ages of thirteen and fourteen years will be best served by the appointment of either his maternal grandmother or a paternal aunt, and the infant expresses a preference for his grandmother, she will be appointed guardian of his person and under section 2649 of the Code of Civil Procedure the executor and trustee under the will of the father of the infant may be appointed guardian of the infant's estate.

PROCEEDINGS on appointment of guardian for infant.

George H. Taylor, Jr., for Maria L. O'Sullivan, petitioner.

Edward J. McGuire, for Irving National Bank.

Joseph L. Young, for Lillian M. Hynes.

SCHULZ, S. Application is made by the maternal grandmother of an infant for her appointment as the general guardian of his person and estate. A paternal aunt opposed the same and asked for her appointment. Upon the hearing the respondent, through her counsel, stated that in view of the infant's preference as hereinafter set forth, she would not insist upon her own appointment but would present such evidence as she had to the court to aid it in deciding what, under all of the circumstances, is for the best interests of the infant.

No question is raised as to the eminent respectability of any of the parties, and I am satisfied that they are all actuated by the best of motives, namely, love for the infant, and a desire that the action taken shall be for his good.

Upon applications of this character due consideration should be given to the relationship of the applicant to the infant (*Ledwith* v. *Ledwith*, 1 Dem. 154; *Smith* v. *Smith*, 2 id. 43; *Morehouse* v. *Cooke*, 1 Hopk.

Ch. 226); to the wishes of the infant himself, if of sufficient age and intelligence (*Osterhoudt* v. *Osterhoudt,* 48 App. Div. 74, 77; *Israel* v. *Israel,* 38 Misc. Rep. 335, 338; *Matter of Burdick,* 41 id. 346); to the religious belief of the infant and the applicant (*Matter of Crickard,* 52 id. 63, 66; *Matter of Mancini,* 89 id. 83; *Matter of Lamb,* 139 N. Y. Supp. 685); to the financial condition of the parties, and to the possible home surroundings of the infant in the event of the appointment. *Matter of Watson,* 10 Abb. N. C. 215; *People ex rel. Brush* v. *Brown,* 20 Wkly. Dig. 516.

The fundamental and paramount consideration, however, as all of the authorities agree, must be the welfare and the best interests of the infant (*Matter of Gustow,* 220 N. Y. 373; *Matter of Lee,* Id. 532; *Ullman* v. *Ullman,* 151 App. Div. 419; *People ex rel. Pruyne* v. *Walts,* 122 N. Y. 238) and where it appears that the same will be best served by the appointment of some one other than the petitioner or the respondent, even if that person be unrelated to the infant, all of the other considerations must give way. *Matter of Gustow, supra; Matter of Vandewater,* 115 N. Y. 669; *Holley* v. *Chamberlain,* 1 Redf. 333.

The petitioning grandmother is nearer in relationship to the infant than is the aunt. The infant is over thirteen years and five months old, so that he is almost of the age when under the Code (§ 2645) he could have petitioned for his own guardian and he is a boy of exceptional intelligence for his years. It was shown that upon an inquiry made by the family, to which the petitioner and her daughter were invited but at which they were not present, and in the presence of the respondent and other relatives who favored the respondent's appointment, the infant stated that his preference for guardian was his grandmother, the petitioner herein, and upon his examination in open

court he made the same statement. There is no difference in religious belief, and while the financial condition of the petitioner does not appear to be as good as that of the respondent, I deem that fact of no great importance, taking into consideration the probable amount available for the infant's support, maintenance and education. It is true that the petitioner is more advanced in years than the respondent, it being stated that she is upwards of seventy-five years old, but she is unusually well preserved both physically and mentally and her household consists of herself and a daughter, the latter being an aunt of the infant, who for many years was a school teacher.

As I believe that the interests of the infant would be well served by the appointment of either the petitioner or the respondent, I think that in view of the relationship and there being no other objection that I deem decisive, the wishes of the infant should, as far as possible, be given effect. The application of the grandmother will, therefore, be granted in so far as it is for her appointment as guardian of the person of the infant.

I have been favorably impressed by the demeanor and actions of the parties to the proceeding as well as by the commendable conduct of Dr. Higgins and the other relatives throughout this controversy, and I bespeak for the infant, who, through a most deplorable accident remains as the sole representative of his immediate family, a continuance of the same love and interest in his welfare which was so strikingly manifest at the hearing.

The executor and trustee under the will of the father of the infant states that it intervenes in this proceeding and asks that it be appointed the guardian of the infant's estate. The petitioner expressed her willingness that some one other than herself be appointed in

that capacity, but questioned the advisability of appointing the trustee, and without impugning in any way the motives, good faith and responsibility of the latter, suggested the advisability of appointing someone else, fearing that there might, at some time, be a clash between its interests as such guardian and as trustee.

Upon the argument of the motion, I did not have the will of the testator before me. An examination of the same shows that the trustee's duty will be, among other things, to collect the income of the trust fund and apply the same to the use of this infant, so that the appointment of some corporation other than the trustee would involve a payment by the trustee to the guardian of the estate, which in turn would expend the same for the infant's maintenance, support and education. The infant's estate, other than that which he receives through the medium of the trust in his father's will, is stated to be about $3,500. To appoint some other corporation would seem to me to needlessly complicate matters and might perhaps lead to additional and unnecessary expense which can and should be avoided. I deem the possibility of a conflict of interest in which the rights of the infant would not have the full protection of the court, so remote as to be of little weight in reaching a conclusion. The situation is a good deal like that in *Bennett* v. *Byrne*, 2 Barb. Ch. 216, 219, where the court said: "Here the appellant was already the trustee of the infant, to expend the income of the mother's estate in his support and education. And the appointment of any other person as guardian might subject the infant to the expense of separate accounts of the expenditures for his support; the one on the part of the executor and trustee of the mother, who was charged with the support and education of the infant out of the income of the property

bequeathed by her, and the other by the guardian of the estate which came to the infant directly from his father. It would also be likely to lead to collisions between the executor and the guardian, as to what expenditures were necessary and proper for the infant, and as to the manner in which he should be brought up and educated. For each would have a discretion to exercise, upon the subject of necessary expenditures for those purposes.''

As I have the authority to appoint someone other than the person for whose appointment the petition prays (Code Civ. Pro. § 2649; *Ledwith* v. *Ledwith, supra; Matter of Wyckoff*, 67 Misc. Rep. 1; *Matter of Vandewater*, 27 Wkly. Dig. 314; appeal dismissed, 115 N. Y. 669) and the petitioner having in effect consented to the appointment of someone else, and believing that the best interests of the infant make the appointment of the trustee as such guardian advisable, it will be appointed guardian of the infant's estate.

Decreed accordingly.