LAURA CARIOLA, Plaintiff, *v.* LEONARDO CARIOLA, Defendant.

Supreme Court, Monroe County, December 31, 1927.

**Husband and wife — divorce — custody of children — decree granted and custody of children given to plaintiff where their best interests demand she be awarded their custody.**

In this action for an absolute divorce, in which there was no denial by the defendant as to the charge of adultery, plaintiff is entitled to a decree of divorce and the custody of three children of the marriage, where it appears that their well-being, education, correct moral training, and best interests generally demand that she should have their custody.

An agreement by the parties as to the custody of the children made prior to the commencement of the action is not controlling on the court.

ACTION for an absolute divorce and for custody of the children.

*Daniel J. O'Mara,* for the plaintiff.

*Charles E. Bostwick,* for the defendant.

RIPPEY, J. This is an action for an absolute divorce on the ground of adultery. The evidence satisfactorily establishes that defendant and one Laura Rizzo lived together and cohabited under the names of Mr. and Mrs. Carey, in an apartment at 41 Lawn street, Rochester, N. Y., from the fore part of March, 1927, for a period of six or eight weeks. There was no denial by defendant of this adultery on his part and plaintiff is entitled to a decree of divorce.

The contest here has centered around the question as to which of the parties should have the custody of the three children of the marriage, two boys and one girl, aged respectively fourteen, seven and nine years.

On January 6, 1926, plaintiff and defendant entered into a separation agreement wherein it was provided that the household furniture and the house in which the parties were living at No. 624 Scio street, Rochester, N. Y., should be transferred by defendant to the pla ntiff, subject to whatever mortgage or mortgages there were against the property, and plaintiff released the defendant from further support for herself and her daughter Mary. The custody of the daughter, Mary, was given to the plaintiff by that agreement and the custody of the two boys, Salvatore and Louis, was given to the defendant. All three children remained with the mother for some time after the agreement was executed. Finally the two boys went to live with the father at the home of his father and mother, at No. 680 Scio street, which is a few doors from the house in which their mother and sister were living. The mother continued to live and now lives at No. 624 Scio street, upon the property which was turned over to her in accordance with the terms of the separation agreement. The equity in that property is about $1,500 and there is a mortgage which she has to carry on the property of $1,500. She is also required to pay taxes and has no income of any kind, except what she may be able to earn in a factory at seasonable work, or at sewing buttons on clothing. Financially, she is in worse shape than she was before the separation agreement, for then her husband provided the money to maintain the property and to clothe and maintain his family and educate his children.

The evidence satisfactorily establishes that the parties were living together at the time this agreement was entered into and that the agreement was executed prior to and in contemplation of their proposed separation. It could, therefore, be set aside in a direct attack as void against public policy. (*Winter* v. *Winter,*

191 N. Y. 462; *Tirrell* v. *Tirrell*, 232 id. 224.) The evidence also establishes that a ter the defendant claimed he had left plaintiff at No. 624 Scio street, he came back on several occasions and cohabited with her and did not at any such times consider the separation complete. It appears that he came back to his wife on at least one occasion, probably on three, during the time that he was living with the corespondent while his adultery was unknown to and unsuspected by the plaintiff.

In actions for divorce the agreement of the parents as to the custody of the children of the marriage, made before the action was commenced, is not controlling upon this court, even though valid and binding in other respects, and their custody must be awarded without reference to the provisions of any such agreement. (*Cook* v. *Cook*, 1 Barb. Ch. 639.) The primary right to the custody of the children is in the father but when the mother is successful in a divorce action the *prima facie* right to custody is reversed (*Ahrenfeldt* v. *Ahrenfeldt*, Hoff. Ch. 496.) The guilty party should not be rewarded for his faults by giving the custody of the children to him. (*People ex rel. Olmstead* v. *Olmstead*, 27 Barb. 9.) It would be unusual to award the custody of the children to the unsuccessful party and it should never be done against the wishes of the children in the absence of clear and convincing evidence that the successful party was unfit to have their custody. (*Israel* v. *Israel*, 38 Misc. 335; *Burritt* v. *Burritt*, 53 id. 24; *Davis* v. *Davis*, 75 N. Y. 221.) Where children of suitable age and understanding make a choice as to the parent with whom they wish to live, such choice when expressed should be given great weight. (*Israel* v. *Israel*, *supra; Burritt* v. *Burritt*, *supra.*)

In August, 1927, the two boys left their father's apartment early one morning surreptitiously and traveled many miles to the farm of their maternal grandparents where they remained until September eighth when they returned to their mother's home preparatory to attending school. The older boy testified that they left the father immediately following a picnic to which the defendant had taken them along with the Rizzo woman and that he could no longer stay with the father because of his open and continuous association with her. This reason assigned by the boy was not based on a mere whim nor upon gossip, but was founded on fact amply established upon the trial. The boy expressed a desire to stay with his mother. It was apparent to the court not only from the appearance and conduct of the children in the court room, but from the testimony in the case, that none of the children could be retained by the father, even though their custody were awarded to him, except by force. The mother is a woman of good

character, of a degree of refinement, of strict notions of the propriety of relationships such as were being maintained by the defendant with the corespondent, having great affection for the children, and anxious to do all in her power for their well being, education and correct moral training, and the best interests of the children demand that she have their custody. If the situation of the parties or the children change and it subsequently appears that the children's interests or the plaintiff's conduct demand a different disposition of them or different provisions for their support and education, application may be made to this court for a modification of the decree in accordance with the facts.

Plaintiff should be granted a decree of divorce, and awarded the custody of the children and eighteen dollars per week for their maintenance, education and support, together with the costs of this action.

So ordered.