In the Matter of the Application of GLORIA MORGAN VANDERBILT, Petitioner, for a Peremptory Mandamus Order against Hon. JOHN F. CAREW, Justice of the Supreme Court of the State of New York, First Judicial District, Respondent.

First Department, December 4, 1934.

*Nathan Burkan* [*Louis D. Frohlich* and *Herman Finkelstein* with him on the brief], for the petitioner.

*John Godfrey Saxe* of counsel [*Frank L. Crocker* and *John Godfrey Saxe*, attorneys], for the respondent to the said writ, intervenor, opposed.

FINCH, P. J. This is a motion by petitioner for a peremptory order of mandamus requiring a justice of the Supreme Court to make and enter a final order either granting or dismissing a writ of habeas corpus and the proceedings thereon.

The mandamus order is sought upon the ground that the order as entered on the habeas corpus proceeding prevents this court from

entertaining an appeal from the order, since the Legislature has provided by statute that in order to preserve the summary remedy provided by habeas corpus, the writ, once having been issued, is not appealable unless the order entered thereon terminates the proceeding. The reason for this requirement is to prevent intermediate appeals which would delay and interfere with the final execution of the writ and so prolong injustice, if such exists.

As was held by the Court of Appeals in *People ex rel. Duryee* v. *Duryee* (188 N. Y. 440, 445), where the court said: " The writ of habeas corpus, as its history shows, is a summary proceeding to secure personal liberty. * * * Hence the Legislature commanded that no appeal should be taken from incidental orders made in the course of the proceeding, * * *. This, we think, was the theory of the statute, when, contrary to the rule in other cases, it limited appeals in such proceedings to final orders, even when taken to the Supreme Court."

Similarly, in *United States* v. *Curran* (18 F. [2d] 953) the Circuit Court of Appeals said: " No question has been raised by either party as to whether the order appealed from is a final order. But, as the court's appellate jurisdiction extends only to final degrees, the court's duty is to consider the matter *sua sponte* when the problem presents itself." (Citing *Collins* v. *Miller*, 252 U. S. 364.)

The question, therefore, presented is whether the order is final so that an appeal will lie therefrom.

The question arises in this manner: The petitioner is the mother of an infant now of the age of ten years and nine months. The father is dead.

Since the month of June, 1932, the infant has been sojourning with the respondent to the writ, a paternal aunt.

On September 22, 1934, petitioner obtained a writ of habeas corpus in the Supreme Court directing respondent to the writ to produce the infant in answer to the writ upon the allegation that the infant was wrongfully restrained and detained against the wishes of the petitioner. On the return day of the writ a hearing was set for the taking of testimony. Respondent to the writ served a verified return and answer to the writ, and petitioner served a verified traverse.

The question at issue was as to the fitness of the petitioner to have the child because, as alleged, it operated against the welfare of the infant. On this issue the hearings commenced on the day scheduled and occupied approximately seven weeks. At the end thereof, after both sides had rested, the court announced its determination, which, in brief, provided that the infant should continue in the custody of the respondent to the writ with a visit to the

petitioner on Saturday and Sunday of each week, and with a division of the vacation time of the child between the mother and aunt for a month each summer, also providing directions in detail as to how the custody of the child should be carried out.

A consideration of the order shows that an appeal will lie therefrom, either testing the order according to the strict technical terms of the Civil Practice Act (Civ. Prac. Act, § 1274), or according to equitable principles which apply when the writ of habeas corpus is invoked on behalf of the welfare of an infant.

Considering then the question according to the provisions of the Civil Practice Act, we find section 1274 thereof applies. This section permits an appeal from a final order in a habeas corpus proceeding. As noted, after a full hearing and after both parties had formally rested, the order provided a final determination of the rights of the parties by remanding the infant to the same custody as that from which she was produced. The court determined the sole issue, which was the custody of the child, and the disposition of the writ specifically includes the grant of this custody to respondent to the writ and the change of the residence of the child to that of the respondent to the writ. Therefore, this order is a final disposition of the proceedings brought to determine such custody, in accordance with the statute regulating the writ of habeas corpus (Civ. Prac. Act, § 1274).

Let us consider now the question according to equitable principles which apply.

In *Matter of Standish* (197 App. Div. 176) the issue was to determine custody between a father and aunt, and the court said: " I think, therefore, that the law is firmly established that upon the return of a writ of habeas corpus the court can exercise equity powers and make a decision dependent not alone upon the question of legal custody but based * * * upon the grounds of expediency and equity and, above all, the interests of the child."

The Court of Appeals in *People ex rel. Sabatino* v. *Jennings* (246 N. Y. 258) pointed out: " It is certain that other considerations affect proceedings in habeas corpus to determine the custody of infants, where custody is dependent upon equitable principles."

In the case of an infant the welfare of the child is the primary consideration of the court. (*People ex rel. Riesner* v. *N. Y. N. & C. Hospital*, 230 N. Y. 124.) In *Matter of Gustow* (220 N. Y. 373, 376), in awarding custody to a maternal aunt, the Court of Appeals said: " The cases are numerous where a parent is deprived of the custody of his or her child, or children, in actions for separation or divorce, in habeas corpus proceedings as well as in equity proceedings. The controlling principle in all cases being the welfare

of the child which, in the case of an infant of tender years, involves proper care and nurture, suitable environment, healthful surroundings and education, mentally and morally."

Such welfare of the infant may demand that the custody of the infant be returned in part to the respondent to the writ and awarded in part to petitioner, so that in terms it cannot be said that the writ is wholly granted or wholly dismissed. Nevertheless the order thus terminating the proceedings would not, for that reason, be otherwise than final. Nor would the usual provision in the order providing for further application at the foot of the order as circumstances arise make it less than a final order. Nor would the inclusion of findings of fact and conclusions of law in the order affect its status as a final order and bar an appeal.

For the above reasons the motion for a peremptory order of mandamus directing the justice to make and enter a final order either granting or dismissing the writ of habeas corpus should be denied.

MARTIN, O'MALLEY, TOWNLEY and GLENNON, JJ., concur.

Motion denied.