Bertram R. G-eleaxd, S.
This is an application by the natural mother of a six-year-old infant to revoke letters of guardianship of the person of said infant granted to the infant’s maternal grandmother on June 28, 1972. The letters of guardianship were granted upon the petition of the natural mother with the consent of the putative father, whose parenthood had been established by filiation proceedings in the Family Court.
The petitioner is presently in the United States Air Force and it is her contention that she consented to the issuance of the letters of guardianship on a temporary basis to facilitate her enlistment in the Air Force, and that her present duties now permit her to assume custody of the child. This contention is somewhat sustained by the original petition which states, “ letters of guardianship are requested because petitioner is entering the U. S. Air Force.” This is the total statement on the-subject in the petition. It is the position of the respondent guardian that the letters of guardianship should not be revoked, because the guardian is better able to care for the child than the mother, that the child prefers to remain with the guardian, and that the mother is unfit to care for the child.
It was conceded by the petitioner mother at the hearing that she had been hospitalized for a drug overdose in a suicide attempt in 1970; that with reference to another attempted suicide she was hospitalized for two weeks in October, 1972 for psychiatric treatment, and that she was again hospitalized for three weeks ending in June, 1973 with reference to an overdose of antidepressant pills. With reference to the last incident, petitioner testified that she took the pills due to depression following several days of being intoxicated while distraught over personal problems. It was further established in the testimony that she was recently married and that she and her husband, who is also a serviceman, hoped to establish a home away from the barracks where they could care for the child. In support of her application, petitioner also contended that the guardian was a “ sporadic alcoholic” who was unfit to care for the child. This contention was not sustained by the evidence. The testimony did establish that the infant has been in the custody of respondent for the last two to three years and at various times before that period. It further appears that the infant is a happy child receiving proper care from a devoted grandmother.
It is well established that, in the appointment of guardians for infants under the age of 14 years, the paramount consideration is the best interest of the infant (Matter of Bock, 280 *307 N. Y. 349; Matter of Stuart, 280 N. Y. 245). However, in any contest involving custody, as between a parent and a non-parent, the parent should be strongly favored as the child’s guardian in the absence of compelling and substantial proof that the parent is unfit to care for the child (Scarpetta v. Spence-Chapin Adoption Serv., 28 N Y 2d 185; People ex rel. Kropp v. Shepsky, 305 N. Y. 465; People ex rel. Portnoy v. Strasser, 303 N. Y. 539; Matter of La Fountain, 33 A D 2d 586). Neither the child’s preference nor the apparent ability of another to provide better care can be a basis for denying a parent custody of her child so long as that parent is herself fit to care for the child.
While none of the authorities cited concern an application to revoke letters, I must conclude that the same standards that are applicable upon an initial proceeding for letters of guardianship should be applied to an application for a revocation of these letters where the petitioner is a parent. This is particularly true where the letters of guardianship were granted only a year before the application to revoke.
While the primacy of parental rights may not be ignored, it is equally clear that it was never intended to be the basis for a result which disregards the child’s welfare. The presumption that a child’s best interests are with her natural parent must yield to circumstances that suggest unfitness on the part of the parent (People ex rel. Anonymous v. Anonymous, 10 N Y 2d 332, 335). In this case, the evidence does not sustain that the mother is unfit for the classic reasons that she is “a drunkard, an incompetent, a notoriously immoral person, cruel or unkind towards [her] child” (Matter of Gustow, 220 N. Y. 373, 377), nor does the evidence presented establish that petitioner has evinced an indifference or an irresponsibility toward the child which would sustain a conclusion of abandonment (Matter of Cleaves, 6 A D 2d 138). However, the petitioner’s history of three conceded incidents of drug overdose requiring hospitalization, within a three-year period, with one incident as recent as a few weeks before the hearing in this matter, constrains the conclusion that at this time the petitioner is not a fit person to care for an infant six years of age in a manner which will assure the welfare and safety of the child. In reaching this result substantial consideration is given to the recentness of the mother’s latest hospitalization for drug overdose. The evidence does not sustain a conclusion at this time that the mother will remain unfit to care for the child in the future.
*308 Accordingly, the application to revoke the letters of guardianship heretofore granted by this court is denied, without prejudice to its being renewed in the event of any change in circumstances.